PACK, WOODS & CO. (A CORPORATION) v. THE TOWNSHIP
OF GREENBUSH.

*Township—Cannot be sued outside of home county.*

A township cannot be sued in any other county than that of which it forms a part.

Error to Iosco. (Tuttle, J.)    Argued June 10, 1886.
Decided June 24, 1886.

Assumpsit. Defendant brings error. Reversed and proceedings quashed. The facts are stated in the opinion.

*W. E. Depew*, for appellant :

How. Stat. § 737, constitutes the supervisor agent for his township for the transaction of legal business, and authorizes service upon him of process against his township. The question raised is, does he carry with him such power wherever he may go in the State? *Coldwater v. Tucker*, 36 Mich. 477; *School Dist. v. Gage*, 39 Id. 484; 1 Dillon's Munic. Corp. § 445.

*O. E. M. Cutcheon*, for plaintiff :

Suits against domestic corporations, if brought under How. Stat. § 8137, may be brought in any county where personal service may be had on the proper officer: *Detroit F. & M. Ins. Co. v. Saginaw Circuit Judge*, 23 Mich. 492 ; *Dewey v. Central Car & M. Co.*, 42 Id. 399.

Provision is also made for suing foreign corporations in any county (How. Stat. § 8145), and we see no reason for not extending the rule to municipal corporations.

SHERWOOD, J. This action was commenced by summons, issued out of the circuit court for the county of Iosco, and served by its sheriff on the supervisor of the defendant township, who happened to be in said county at the time the service was made.

The defendant is one of the townships composing the county of Alcona.

The suit was brought to recover taxes alleged to have been illegally assessed and collected against the plaintiff.

The defendant pleaded in abatement the foregoing facts, and, upon the trial, the plea was overruled by the court. Defendant brings error.

The only question raised upon the record is whether the township can be sued in any other county than the one of which it constitutes a part. The court held in the affirmative.

We think the circuit judge erred in his ruling in the case. How. Stat. § 737, provides:

"That the supervisor of each township shall be the agent for his township for the transaction of all legal business, by whom suits may be brought and defended, and upon whom all process against the township shall be served."

The Court held in *Coldwater v. Tucker*, 36 Mich. 477, the general doctrine to be that—

"A municipal corporation cannot usually exercise its powers beyond its own limits. If it has, in any case, authority to do so, the authority must be derived from some statute which expressly or impliedly permits it."

Neither can its agents bind the township by their acts or doings beyond the limit of the township, unless expressly or impliedly authorized.

The supervisor of a township is a public officer. His duties and functions are prescribed by the statute, and the localities in which he may exercise and perform them are limited by the boundaries of his township, and the county in which it is located, and nowhere outside of these can he occupy a position in his representative capacity as supervisor, unless expressly authorized by the statute.

There is no provision of law that we are aware of, and certainly our attention has been called to none, making the right of service, and jurisdiction of the court, follow the persons of public officers wherever they may go beyond the municipalities for which they were elected or chosen.

Until the Legislature shall otherwise direct, a township cannot be sued by service of the writ made upon its super-

visor outside of the county in which the township is located. Public policy, as well as public convenience, requires that when claims are to be prosecuted against a township it should be done at least within the county whereof the township constitutes a part. Were it otherwise, a township located in the south-east corner of the State might find itself compelled to litigate a claim made against it by a party or private corporation located in the extreme north-western corner of the Upper Peninsula, if the supervisor of the former should, for any reason, chance to be found sojourning in the county of Ontonagon.

A construction which would impose such inconvenience and burden upon a township should never be given, unless warranted by some express provision of the statute. We find no such provision.

The judgment must be reversed and proceedings quashed and the defendant will recover its costs in both courts.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. MORSE, J., did not sit.