## ANNIE M. PHILLIPS *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Municipal Corporation Not Liable to Suit in Transitory Action Outside of Its Jurisdiction—Statutory Construction.*

A municipal corporation is not liable to suit on a transitory cause of action in a Court not within its own territorial limits.

This common law rule is not abrogated by the Act of 1908, Chap 24 (Code, Art. 23, sec. 62), which provides that every corporation of this State may be sued in any county, or in the City of Baltimore, where its principal office is located or where it regularly transacts business or exercises its franchises. This and other statutes relating to suits against corporations were not designed to apply to municipal corporations.

The fact that great inconvenience would result from a particular construction of a statute is a potent factor in determining whether the Legislature intended that result to be effected, provided the language of the statute is not so plain as to leave ·no room for construction.

A municipal corporation is a public corporation and an agency of the State in government. To allow such a corporation to be sued upon transitory causes of action, as distinguished from local actions, in any county of the State would result in great cost and public inconvenience by taking away the municipal officers from their post of duty. Therefore a statute providing in general terms that any corporation may be sued in any county where it transacts business will be construed not to apply to municipal corporations.

*Decided March 23rd, 1909.*

Appeal from the Circuit Court for Baltimore County (Burke, C. J.).

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Thomas and Henry, JJ.

*John S. Biddison* and *Edward L. Ward,* for the appellant, submitted the cause on their brief.

*Sylvan Hayes Lauchheimer, Deputy City Solicitor* (with whom was *Edgar Allan Poe, City Solicitor,* on the brief), for the appellee.

Pearce, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Baltimore County entering a judgment of *non pros.* and judgment for defendant for costs. The plaintiff, Annie M. Phillips, sued the Mayor and City Council of Baltimore in the Circuit Court for Baltimore County, alleging in her declaration that her husband, Robert L. Phillips, was the owner of a lot of land and dwelling house thereon at the corner of Harwood and Pimlico avenues, in Baltimore County, bounding on the limits of Baltimore City, where the plaintiff resided with her husband and children, and that during the summer of 1905 the defendant permitted the surface water and drainage from that part of Pimlico avenue adjoining said residence to accumulate at the intersection of said two avenues within the limits of said city, so as to form a cesspool, emitting noxious odors and gases and causing the drainage from said cesspool to flow into the cellar of said residence, and from thence into a well on said premises used by her for drinking and other family and domestic purposes, and that the water of said well was thereby contaminated and poisoned, by reason of which the plaintiff was made ill and sick and was rendered unable to perform her household duties, of all of which the defendant had notice, but failed and refused to remedy said conditions or to abate the nuisance created thereby.

Upon return of the summons, the defendant, appearing specially, for that purpose and no other, moved for a judgment of *non pros.* and for the quashing of the writ of summons and the Sheriff's return thereon, on the ground that the defendant is a municipal corporation, having within its own limits Courts to try causes in which it may be a party, and that as such corporation it can only be lawfully sued in that action in the Courts of Baltimore City. The defendant also filed a plea to the jurisdiction, appearing specially for that purpose, and without waiving its motion to quash setting up the same ground as in the motion, and averring that as a corporation it is a non-resident of Baltimore County and does not carry on any regular business or habitually engage in any avocation or employment in Baltimore County, and therefore cannot be sued therein. This plea was duly supported by affidavit. The plaintiff replied that the defendant is not a non-resident of Baltimore County within the meaning of the statutes of this State, and that it does carry on a regular business in Baltimore County, and is habitually engaged in an avocation or employment therein within the meaning of said statutes. Issue was joined, and testimony was taken, from which it appeared that the Mayor and City Council of Baltimore, acting through the Water Department, owns and maintains certain water mains within the limits of Baltimore County, which were purchased from the Baltimore County Electric and Water Company, and by that means furnishes water to certain residents of Baltimore County around Westport, Highlandtown, West Arlington, York road and Belair road, and that the annual receipts from that source are about $10,000 out of $925,000 derived from sales of water in Baltimore City and Baltimore County.

This being a suit for injuries to the person, the action is confessedly transitory in its nature, *Gunther v. Dranbauer,* 86 Md. 6, so that the only question in the case is whether the defendant, as a municipal corporation, can in this form of action, and under the proof in this case, be sued elsewhere than in one of its own Courts. The distinction between local

and transitory actions still exists in this State, and it was so declared in the latest case on the subject in this State, *Mayor and City Council of Baltimore* v. *Meredith's Ford Turnpike Company,* 104 Md. 351, in which it was held that a municipal corporation may be sued *in an action of trespass to land* in Courts other than those within its territorial limits, when the cause of action arose in another jurisdiction. There was then no decision of the highest Court in this State upon the question presented which was regarded as direct, but this Court then said, citing *Crook* v. *Pitcher,* 61 Md. 510; *Ireton* v. *Mayor and City Council of Baltimore,* 61 Md. 432, and *Gunther* v. *Dranbauer,* 86 Md. 1, that "the rule seems to be well established, both upon reason and authority, that trespass to real property is a local action and *must be* brought in the county or place where the cause of action arose."

In *Crook* v. *Pitcher,* the action was brought by the appellee in the Court of Common Pleas of Baltimore City for obstructing a highway in Baltimore County, and the plaintiff obtained a verdict and judgment. On appeal the judgment was reversed, the Court saying: "If the cause of action *could* only have arisen in a particular place, the action is local and the suit *must* be brought in the county or place in which it arose. Actions for damages to real property, actions on the case for nuisance or for the obstruction of one's right of way are, according to all the authorities, *local.*"

In *Ireton's Case,* the plaintiff sued the City of Baltimore for damages to his mill property in Baltimore County in the Circuit Court for that county. The defendant, after appearing generally, moved to quash the summons on the ground that it could only be sued in its own Courts, and the motion was granted. On appeal this judgment was reversed, because the motion came too late; but the Court also declared that as "the injury sued for was to real estate, it was local, therefore, and not transitory," and cited *Patterson* v. *Wilson,* 6 G. & J. 499, which is directly in point.

In *Gunther* v. *Dranbauer,* the appellee sued the appellant in the Superior Court of Baltimore City for personal injuries

sustained by him by reason of an unlighted obstruction placed
by the defendant in a public highway of Baltimore County
over which plaintiff drove in the night.

In that case JUDGE McSHERRY said: "It is undoubtedly
true that local actions must be brought in the jurisdiction
where they arise, * * * . But there must be a test by
which it may be determined whether a particular cause of ac-
tion sounding in damages is local or transitory; and an uner-
ring one inheres in the nature of the *subject* of the injury as
differing from the *means* whereby, and the mere *place* at
which, the injury was inflicted. If the subject of the injury
be real estate or an easement, such as a right of way, whether
private or public, obviously the action must be local for the
reason that the injury *to* that particular real estate or ease-
ment could not possibly have arisen anywhere else than where
the thing injured actually was situated. But if the subject
of the injury be an individual, then an injury *to* that indi-
vidual's person, no matter by what *means* occasioned, or *where*
inflicted, is essentially an injury to a subject not having a
fixed, immovable location, and an action to recover damages
therefor would necessarily be transitory."

These three cases decide that *local* actions must be brought
in the jurisdiction where they arise, and *Ireton's Case* prac-
tically and logically decides that this rule applies where a
public municipal corporation is defendant, and has inflicted
damages upon real property in the jurisdiction where the
suit is brought. But they go no further.

The *Meredith Ford Turnpike Co.'s Case,* does *expressly*
decide, following the logical implication from *Ireton's Case,*
that such a municipal corporation can in this State be sued
for a trespass upon real estate beyond its own territorial
limits, in Courts other than its own, and that in such case it
*must* be sued, in the jurisdiction where the real estate lies,
but it leaves undetermined whether such a corporation can be
sued in Courts other than those of its own territorial limits,
upon a transitory cause of action. In view of the decision in
the *Meredith Ford Case* which we adhere to, it would be

idle to review or consider the cases cited by the appellees here, such as *Lehigh County* v. *Kleckner,* 5 Watts & Serg. 186 and *Nashville* v. *Webb,* 114 Tenn. 435, to sustain their ruling that at common law "although the action may be transitory, yet the *forum,* where suit is brought against the corporation, is *local,*" or, as otherwise expressed, that "'actions against municipal corporations are inherently local.'"

Accepting as settled, and as properly settled, that in this State the rule requiring local actions to be brought in the jurisdiction where the cause of action arose, applies as well to public municipal corporations, as to all other corporations, we have only to inquire whether public municipal corporations can in this State be sued outside of their own Courts, upon transitory causes of action. It is not, and cannot be, pretended, that at common law they could be so sued, so that we need only to inquire whether the common law rule has been changed in that respect by any statute of Maryland.

The appellant maintains that the common law rule has been so changed in this State, and in support of this contention relies upon the following provisions of law: Code, 1904, Art. 1, sec. 14; Art. 23, sec. 410; and sec. 62, Chapter 240 of the Acts of 1908.

Art. 1, sec. 14, enacted in 1888, provides that "the word *person* shall include *corporation,* unless such a construction would be unreasonable," and in *Henderson* v. *Home Insurance Company,* 90 Md. 47, where the question was whether an insurance company created by an Act of the General Assembly of Maryland having its principal office in Baltimore City, could be sued in any county of the State where it had a local agent, it was held that it was not unreasonable *in such case* to regard *that corporation* as a *person,* and that it was therefore properly sued in such county under sec. 144 of Art. 75 enacted in 1884, and providing that "any *person* who resides in one county, but carries on any regular business, or habitually engages in any avocation or employment in another county, may be sued, in either county." It must be

observed here however that the corporation in that case was not a public municipal corporation.

Art. 23, sec. 410, as amended by Ch. 21 of 1900, provided that any corporation *formed under the general laws* of this State, which should carry on any regular business, or habitually engage in any avocation or employment in another county than that in which its certificate of incorporation was required to be recorded, might be sued either in the county where its certificate was required to be, and was, recorded, or in the county where it transacted business; but except as above provided, all suits against the class of corporations above mentioned were required to be brought in the jurisdiction where their certificates were recorded. This provision could not by any possibility embrace municipal corporations, nor any others created by Act of Assembly, and the restrictive character of that provision, is significant of the purpose that the common law rule, should not be deemed to be abrogated thereby nor by the general rule of interpretation declared in Art. 1, sec. 14, except in local actions.

Sec. 62 of Art. 23 as enacted by Ch. 240 of the Act of 1908, is the chief reliance of the appellant. That provides that: "Every corporation of this State may be sued in any county, or in the City of Baltimore, as the case may be, where its principal office is located, or where it regularly transacts business or exercises its franchises, or in any local action, where the subject-matter thereof lies, and process may be served as is hereinabove provided aginst such corporation," etc.

The inquiry is thus finally narrowed down to whether the term "every corporation of this State," as employed in sec. 62 of Art. 23, was designed by the Legislature to embrace municipal corporations. The language employed is that of universality, and if municipal corporations are to be excepted from its operation, it can only be upon the ground of some general and well recognized principle of public policy, which under the established rules of legislative interpretation, permits and requires such exception to be read into the statute,

and we think there is such a settled and dominant principle of public policy.

The general and fundamental division of all corporations is into public and private corporations; all belong to the one or the other of these two classes: "A corporation may be private, and yet the act or charter of incorporation contain provisions of a purely public character, introduced solely for the public good, and as a general police regulation of the State." *Regents of the University of Md.* v. *Williams,* 9 G. & J. 365. But "a public corporation, is one that is created for political purposes, with political powers, to be exercised for purposes connected with the public good, *in the administration of civil government;* an instrument of the government, subject to the control of the Legislature, and its members officers of the government, for the administration or discharge of public duties, as the case of cities, towns," etc., *Idem,* 258. "Public corporations are synonomous with municipal or political corporations." *Words and Phrases,* Vol. 6, page 5781. "Public corporations, commonly called municipal corporations, are not associations, but subdivisions of the State." *Goodwin* v. *East Hartford,* 70 Conn. 14. "A city is only a political subdivision of the State, made for the convenient administration of the government." *Wooster* v. *Plymouth,* 62 N. H. 208. This doctrine is universally recognized. *Hill* v. *Boston,* 122 Mass. 380; *Talbot Co.* v. *Queen Anne's Co.,* 50 Md. 259.

The principle that is involved is that of *inconvenience* to the exercise of the *sovereign authority* delegated by the State to its municipal corporations, upon the ground that if they are to be subjected to suit in any and every part of the State, such suits must inevitably hinder and delay the successful conduct of the functions of government.

In *State* v. *Boyd,* 2 G. & J. 374, it is said: "Statutes are sometimes extended to cases not within the letter of them, and cases are sometimes excluded from the operation of statutes, though within the letter; on the principle that what is within the intention of the makers of a statute, is within the

statute, though not within the letter; and that what is within the letter of the statute, but not within the intention of the makers, is not within the statute."

*Sutherland,* in his work on *Construction of Statutes,* Vol. 2, sec. 601, substantially adopts the language just quoted, and says, "municipal corporations, by reason of the purposes for which they are organized, and for which they raise money and possess property, are excepted, by implication from various statutes which apply to corporations generally."

In *Roland Park Co.* v. *The State,* 80 Md. 453, CHIEF JUDGE McSHERRY said: "The result which may follow from one construction, or another, of a statute, is always a potent factor, and is sometimes, in and of itself, conclusive as to the correct solution of its meaning." And in *Hooper* v. *Creagar,* 84 Md. 195, the same Judge, speaking of the intention of the makers of the statute, says that "when discovered it should be followed, although such construction may seem to be contrary to the letter of the statute." Again in *Fraizer* v. *Warfield,* 13 Md. 304, JUDGE BARTOL adopted the language of CHIEF JUSTICE MARSHALL in *Fisher* v. *Blight,* 2 Cranch. 386, "that where great inconvenience will result from a particular construction, that construction is to be avoided, unless the meaning of the Legislature be plain, in which case it must be obeyed." In recognition of these authorities, the Supreme Court of Michigan in *Pack* v. *Township of Greenbush,* 62 Mich. 122, held that a township could not be sued in any other county than that of which it forms a part, putting the decision expressly upon the ground of "public policy as well as public convenience."

In *Linehan* v. *Cambridge,* 109 Mass. 212, under a statute giving the adverse party a right to interrogate any officer of "a corporation," the statute was held not to apply to municipal corporations.

In *State* v. *Narragansett Dist.,* 16 R. I. 424, the Constitution of the State forbids the enactment of a bill creating any corporation other than religious, charitable, literary, military, or for fire insurance, unless considered by two successive Leg-

slatures, but this was held not to include municipal corporations; and a somewhat analogous provision in the Constitution of Illinois received the same construction in *Owners of Land* v. *People,* 113 Ill. 314.

In our own State the Act of 1825, Ch. 114, authorized attachments to be laid "in the hands of the plaintiff or of any other person or persons whatsoever, *corporate or sole,*" and in *Mayor & City Council of Balt.* v. *Rost,* 8 Md. 103, the Court held that "the argument from inconvenience sanctioned the construction that the Legislature did not design to include municipal corporations," and this has been the law of Maryland ever since. It is difficult to imagine any sound reason why this argument from inconvenience should forbid the process of attachment against a municipal corporation while permitting it under any other form of process to be dragged from one end of the State to the other at great cost and inconvenience to the public which constitutes the municipality. The magnitude and importance of the functions of municipal government are constantly increasing with the growth of population, and of the various and complex agencies employed in cities and towns in the public service, and these functions require the constant presence and watchfulness of those charged with their direction and management. To permit these great public duties to be hindered or delayed in their performance, in order that individuals or private corporations might more conveniently collect their private debts, would be to pervert the great object of the creation of municipal corporations.

For these reasons we think the ruling of the learned judge of the Circuit Court was correct, and the judgment should be affirmed.

It is unnecessary to consider whether the corporation was carrying on any regular business in Baltimore County, since even if it was, it could not be sued there in this action, if the Act of Assembly does not embrace municipal corporations.

*Judgment affirmed with costs to the appellee above and below.*