No. 19,503.

VINA MARSHALL, *Appellant,* v. THE CITY OF KANSAS
CITY, MO., *Appellee.*

SYLLABUS BY THE COURT.

VENUE—*Foreign Municipality—Not Subject to be Sued in Kan-
sas Courts.* A city of another state which is operating a water
plant in this state is not subject to be sued in the courts of this
state for a personal injury sustained in that city and which is
caused by its negligence.

Appeal from Wyandotte district court, division No.
2; FRANK D. HUTCHINGS, judge. Opinion filed May 8,
1915. Affirmed.

*A. J. Herrod,* of Kansas City, for the appellant.

*A. F. Evans,* and *Francis M. Hayward,* both of Kan-
sas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: May Kansas City, Mo., which is
conducting a water plant in Kansas, be sued in this
state, and may summons be served on an agent of that
city who is in charge of the plant and managing the
business conducted here?

Vina Marshall, who had sustained a personal injury
resulting from the negligence of the city in the care of
its streets, brought this action in Wyandotte county,
Kansas, where the Quindaro pumping station of Kan-
sas City, Mo., is located. It is owned and operated by
that city in Kansas in connection with a municipal
water system in Missouri. A summons was served on
Patrick Walsh, the chief engineer, who was in charge
of the plant. His duties are confined to the operation of
the plant and to the control and direction of the sub-
ordinates employed there. Upon a motion of the de-
fendant city the case was dismissed on the ground that

the cause of action arose in the state of Missouri, that the defendant is a municipal corporation of that state, and that it had not consented to be sued in Kansas. From that ruling the plaintiff appeals.

On one side it is contended that the city having come into Kansas and engaged in conducting a private business it is here in its private and proprietary capacity and is subject to be sued as any nonresident of the state or a foreign corporation. The civil code (§ 53), provides:

"An action, other than one of those mentioned in the first three sections of this article, against a non-resident of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose."

It is argued by the plaintiff that the action brought is in its nature transitory; that Kansas City, Mo., divested itself of its sovereign character by coming into Kansas and engaging in private business, and is therefore in the attitude of a private person or corporation and may be sued under the section quoted the same as any nonresident person or corporation which may be found within the jurisdiction of the state. To support her contention plaintiff relies on *The State v. Holcomb,* 85 Kan. 178, 116 Pac. 251, and the cases therein cited, and also *Hunt & Wife v. Town of Pownal,* 9 Vt. 411.

While the statute does not in express terms provide for suing cities of another state which may be found engaged in private business in Kansas it is the view of the court that an action against a municipality is inherently local and can only be brought in the jurisdiction in which the city is located. At common law no action could be brought against a municipal corporation outside of the county where it was situate unless an express statute authorized it to be sued elsewhere.

(*Pack, Woods & Co. v. Greenbush Township,* 62 Mich. 122, 28 N. W. 746; *Jones v. Statesville,* 97 N. Car. 86, 2 S. E. 346; *North Yakima v. Superior Court;* 4 Wash. 655, 30 Pac. 1053; *Lehigh County v. Kleckner,* 5 Watts & S. [Pa.] 181; *Parks Co. v. City of Decatur,* 138 Fed. 550, 70 C. C. A. 674; *Phillips v. Baltimore City,* 110 Md. 431, 72 Atl. 902, 25 L. R. A., n. s., 711, and Note.) This rule is based mainly on the theory that administrative officers of a municipality are necessarily engaged at home in the performance of their public duties and that it is contrary to public welfare and the scheme of municipal government to require them to go away from home and from their daily duties to resist litigation that may be instituted against the municipality in other places. The court is of opinion that in enacting the provisions of the code as to venue and service of process upon persons and corporations, resident and nonresident, the legislature did not have the cities of other states in mind but framed the provisions upon the theory of the common law that cities are but subdivisions of a state exercising sovereign powers and are not amenable to courts outside of the state in which such cities are situate. While the cause of action is transitory in nature the forum is necessarily local, and in the absence of express legislative provision it must be assumed that the legislature did not contemplate that a foreign municipal corporation could be sued in Kansas.

The judgment is affirmed.

DAWSON, J. (concurring specially) : A municipal corporation of the state of Missouri which for its convenience or on account of its necessities procures and develops its municipal water supply in Kansas, and consequently owns property pertaining thereto in this state, is not on that account to be subjected to all the incidents which attach to a foreign corporation doing business in Kansas. Before a foreign corporation can lawfully do business in this state as such corporation it

must have authority, either express or implied, from the sovereign creating it to come into this state. Then it must file with the secretary of state an application for leave to do business in Kansas, and attach thereto a copy of its charter, file a power of attorney authorizing the secretary of state to accept service of process against it, which power of attorney must be expressly authorized by its board of directors or other managing officers, and it must pay certain initial and annual fees and make annual reports of its financial affairs to our secretary of state. Our state charter board grants such foreign corporation a license to do business in this commonwealth. This is not the status of the city of Kansas City, Mo., in this state. It must pay taxes on its property in Kansas because that property could not be treated as public property so far as our state is concerned. (*The State v. Holcomb*, 85 Kan. 178, 116 Pac. 251.) On any litigation affecting this Missouri city's water plant in Kansas, or concerning injuries received by employees in or about the plant in this state or the like, our courts might take jurisdiction but the writer is not very sure about that; but it would be unconscionable to hold that any and all litigation affecting Kansas City, Mo., damage suits, franchise suits, bond suits and the interminable litigation which constantly attends a great municipality like Kansas City could be brought in Kansas. To hold thus, we must be content to see the counterpart of this anomaly presented. If a Missouri city can be sued in Kansas, a city of this state could be sued in Missouri; and as the officials of our cities frequently go to the big Missouri town on business or pleasure they would be readily reached by Missouri process servers and our municipalities subjected to all sorts of litigation far from home. The more we reflect on this proposition the more apparent it becomes that the district court of Wyandotte county, Kansas, properly refused to take jurisdiction of a common damage suit against Kansas City, Mo.

JOHNSTON, C. J. (dissenting) : In Kansas the municipality of Kansas City, Mo., is essentially a private corporation, a nonresident of the state, and is subject to be sued in the courts of Kansas as other nonresidents and foreign corporations may be sued. It was decided in *The State v. Holcomb*, 85 Kan. 178, 116 Pac. 251, that when Kansas City, Mo., came into Kansas and engaged in private business it shed its sovereign functions, divested itself of its governmental character and descended to the level of a private owner. It was held to be here in its proprietary capacity and that the laws of the state applied to it the same as they did to persons or corporations engaged in private business. Among other things it was said:

"When a state, or any of its municipalities, comes within the boundaries of another state it does not carry with it any of the attributes of sovereignty, and is subject to the laws of such other state the same as any other proprietor." (p. 185.)

Any other proprietor found engaged in business in Kansas is subject to be sued in Kansas. (Civ. Code, § 53.) If it is carrying on a private business for profit in Kansas, as has been determined, it is subject to our laws, and our laws provide that an action may be brought against a nonresident of the state or a foreign corporation in any county of the state in which there may be property of, or debts owing to, the defendant, or where the defendant may be found. The action, which was brought by a resident of Kansas, is transitory. The defendant, which inflicted the personal wrong, is in the state conducting a private business. It is here in the capacity of an ordinary proprietor and is necessarily subject to our laws. It is a nonresident of the state, it is true, but its business is in charge of a managing agent upon whom service has been obtained, and in my opinion it is amenable to our courts to the same extent as any other proprietor who is a nonresident of the state. The city is a public corporation

in Missouri but in Kansas it is in the attitude and acts in the capacity of a private corporation. "The old theory that a corporation resides only in the state of its creation no longer obtains. It is now held that, for the purpose of conferring jurisdiction on the courts, a corporation is present in any place where it transacts its business; and that service of process may be made on its agents through whom, as its instruments, its business is transacted." (*Insurance Co. v. National Bank,* 58 Kan. 86, 88, 48 Pac. 592, 62 Am. St. Rep. 601.) The matter of venue is regulated by our own statute and not by the rule of the common law. Defendant comes fairly within the provision which authorizes service of process upon nonresident and foreign corporations. No exception is made of a corporation engaged in private business here which may be exercising governmental functions in another state. It is an anomaly in the law to treat the defendant as an ordinary proprietor carrying on a private business within the state and to except it from the operation of our laws applicable to such proprietor and from the service of process on it when it may be found in the state. Under this rule an employee at the plant, a resident of the state, who may be injured by the wrong and neglect of the defendant can have no redress in the jurisdiction where the wrong is inflicted although employer and employee are both in the state. To obtain the remedy and to prosecute an action which is confessedly transitory he will be compelled to go into the courts of a foreign state. Having held in the Holcomb case that the defendant is to be regarded as an ordinary proprietor of the water plant and as carrying on business here in its private proprietary capacity instead of its public capacity, we should follow that determination to its logical conclusion and hold that the defendant is subject to our laws and to be sued in Kansas the same as other nonresidents and foreign corporations engaged in business in the state.

Mr. Justice BURCH joins in this dissent.