62 So.2d 732 (1953)
WILLIAMS
v.
CITY OF LAKE CITY et al.
Supreme Court of Florida, en Banc.
January 16, 1953.
Rehearing Denied February 9, 1953.
J.B. Hodges, Lake City, and Neal D. Evans, Jr., Jacksonville, for appellant.
W.H. Wilson, Jr., and Brannon & Brown, Lake City, for appellee.
DREW, Justice.
The appellant, Susie Williams, hereafter called appellant, sued the City of Lake City, Florida, and R.O. Girvin and A.P. White, partners doing business as Girvin and White, hereafter called appellees, in the Circuit Court of Duval County for injuries alleged to have occurred to appellant in the City of Lake City, in Columbia County, Florida, by virtue of falling into a ditch dug along a street in Lake City for the *733 purpose of installing sewers. The appellees were charged in the complaint with negligence in digging and maintaining the ditch.
Appellee City of Lake City moved to dismiss the complaint because of improper venue and supported such motion with an affidavit of the mayor of said city setting forth that the City of Lake City was located in Columbia County, Florida; that the city had not engaged in business or governmental function in Duval County within four years preceding the making of the affidavit; that he was served with process within said city and the alleged cause of action accrued in Columbia County. The lower court sustained this motion and dismissed the complaint as to said City of Lake City. This action is assigned as error.
After the complaint was dismissed as to the City of Lake City, appellant filed an amended complaint against the appellees R.O. Girvin and A.P. White, partners doing business as Girvin and White. The appellees answered, took the discovery deposition of the appellant and on the basis of such deposition, interrogatories to one Langley Brown, as assistant superintendent of appellee, and an affidavit of one Joe W. Roberts, a night watchman of appellee, moved for the entry of a summary judgment. The appellant failed to file any counter affidavits. The lower court granted such motion and entered final judgment against appellant. That action of the lower court is also assigned as error.
We, therefore, have before us the question of (1) whether the City of Lake City, a municipal corporation, could be sued in this case in other than Columbia County; and (2) whether there was any genuine issue of any material fact which should have been submitted to the jury.
If we should agree with the lower court on the second question, there would be no occasion to decide the first. We, therefore, proceed to the determination of the question of whether the lower court erred in granting the motion for summary judgment.
The right to a jury trial is a very sacred part of our system of jurisprudence and, while we have held that the granting of a summary judgment does not infringe upon such constitutional right, that very holding carries with it the idea that such judgments should be sparingly granted and only in those cases where there remains no genuine issue of any material fact. To put it another way, such motion should be granted only where the moving party is entitled to a judgment as a matter of law. It was never intended by this rule that cases should be tried by affidavit or that affidavits, interrogatories or depositions or similar evidence, could be used as substitutes for a jury trial. To sum it all up, if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted.
We have carefully examined the affidavit, the interrogatories and the deposition of the appellant in the light of the above principles. We find very material and genuine issues of fact that are disputed and, in this connection, it must not be overlooked that all doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
One of the items of negligence charged in the complaint was, as stated in appellant's brief, that the defendants "negligently permitted said ditch to remain in an open and dangerous condition in the nighttime without providing or maintaining a light, guard or other protection or warning of the presence of said ditch." On this question, appellant stated unequivocally that there were no lights that night, while the statements of Brown and Roberts, even when considered in the light most favorable to appellees, were to the effect that they had maintained the lights every night. This certainly presented a material issue. We are not impressed by the argument in this case that the question of whether there were lights there was unimportant because the appellant knew the ditch was there. As we construe the compaint, it was not the presence of the ditch itself, but the cave in along its edge that is the gist of the negligence alleged.
*734 Then there was the issue of whether the appellant was guilty of contributory negligence as a matter of law in walking too close to the edge of the ditch, causing the bank to collapse and the appellant to be thrown in said ditch and injured. Appellees insist that appellant was guilty of contributory negligence because she walked too close to the edge of the ditch when there was ample room remaining to walk safely. We find the evidence to preponderate in favor of appellant's position that she was in a safe place  "the hard part"  when the bank gave way. We think the issue of whether appellant was guilty of contributory negligence was a jury question. There was not sufficient evidence in the affidavit, interrogatories and deposition to establish as a matter of law that appellant was guilty of contributory negligence.
For the reasons we have stated, we hold that the lower court erred in granting the motion for summary judgment and in entering final judgment for the appellees.
Having determined that the cause should have been submitted to a jury, we now pass to the question of venue.
Section 2.01, F.S.A., provides that the common and statute laws of England of a general nature down to July 4, 1776  not inconsistent with the constitution and laws of the United States or of this State  are in force.
Under the common law no action could be brought against a municipal corporation outside the county where it was situated, unless an express statute authorized it to be sued elsewhere. Marshall v. Kansas City, 95 Kan. 548, 148 P. 637, L.R.A. 1915F, 1025; City of Jackson v. Wallace, 189 Miss. 252, 196 So. 223; 38 Am.Jur. 420, Par. 716. The appellant contends, however, that Sections 46.01 and 46.02, F.S.A., which read as follows:
"46.01 Where suits may be begun. Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice's district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.
"If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant. This section shall not apply to suits against nonresidents.
"46.02 Suits against defendants residing in different counties or districts. Suits against two or more defendants residing in different counties (or justices' districts) may be brought in any county or district in which any defendant resides."
are inconsistent with the common law on the subject under the facts in this case, and that she is authorized to maintain this action in Duval County. We are not impressed by this argument. The majority of the courts have held that actions against municipal corporations are inherently local and that they must be sued in the county in which they are located. While we recognize that there are authorities to the contrary, we believe this rule is based on logic and reason and is the better rule. We approve the principles set forth in the following excerpts from 38 Am.Jur. pages 419 to 422:
"Sec. 716. Venue  General Rule.  Under what is perhaps the prevailing view and the weight of authority, an action against a municipal corporation is inherently local and in the absence of any statutory provision to the contrary, must be brought in the county in which the municipality is situated. Several reasons have been advanced in support of the prevailing view. It has been remarked that municipalities cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this point or that. They remain stationary; hence, they must be sued where they are found. The courts have also constantly pointed out that it is of the greatest importance to the welfare of municipal bodies and of the citizens whom they serve that their officers *735 should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the state to attend to litigation. The magnitude and importance of the functions of municipal government are constantly increasing with the growth of population and of the various and complex agencies employed in municipalities in the public service, and these functions require the constant presence and watchfulness of those charged with their direction and management. To permit these great public duties to be hindered or delayed in their performance, in order that individuals or private corporations might more conveniently collect their private debts, would be to pervert the great object of the creation of municipal corporations. The courts in some jurisdictions have stated that, under the common-law rule, as applied therein, municipalities cannot be sued outside their own territorial limits upon transitory causes of action.
"The prevailing view that actions against municipal corporations are inherently local and that venue of such actions is in the county of location of the municipality has been applied in a variety of situations. The rule controls whether the cause of action arises from a course of conduct by the municipality which is proprietary or one which is governmental. It has been held that when a municipal corporation lies in more than one county, it has its situs in the county in which its municipal offices and seat of government are situated, and can be sued only in that county.
"Sec. 717.  Modifications, Exceptions, and Statutory Provisions.  In some jurisdictions which follow the rule that an action against a municipal corporation is inherently local, there is an established exception where the action pertains to real estate. Under such circumstances the court is confronted with a choice between two well-established rules of venue, one that an action against a municipality is local, and the other that all actions pertaining to injuries to real estate are local and must be brought in the county where the lands lie. The rule requiring local actions to be brought in the jurisdiction where the cause of action arose has been held to apply as well to public municipal corporations as to all other corporations. Thus, a municipality may be sued, in an action of trespass to land, in courts other than those within its territorial limits, when the cause of action arose elsewhere. In other jurisdictions a contrary result is reached. In such states the principle seems to be followed rigidly that an action against a municipality is local, even though land located elsewhere is involved. It is held that an action against a municipal corporation for injury to real estate must be brought in the county where the municipality is located, although the injured property lies in another county. For reasons of public policy, the rule making actions against municipalities local in nature is held to be paramount.
"* * * It has also been held, however, that a municipal corporation is not within the provisions of a statute fixing venue of actions against corporations generally. Under this view, a statute providing that a corporation may be sued in any county in which it regularly exercises its franchises has been held not to be applicable to a municipal corporation. Again, a general statutory provision that actions to recover real property, or any interest therein, or for injuries thereto, shall be brought in the county where the subject of the action or some part thereof is situated, has been held to have no application to an action against a municipality to recover for damage caused by its sewer plant, situated in one county, to real property in another county, especially in view of another statute providing that an action against a public officer must be tried in the county where the cause of action arose."
*736 In Marshall v. Kansas City, supra, Kansas City, Missouri, operated a water plant in Kansas. The city was sued in Kansas for personal injury resulting from the negligence in connection with the operation of its water plant. The lower court dismissed the suit on the ground that "the city had not consented to be sued in the State of Kansas.
A statute in Kansas provided:
"An action * * * against a non-resident * * * or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found * * *." G.S. 1909 Kan. § 5646.
The plaintiff argued that the action was transitory; that the city had divested itself of its sovereign character by coming into Kansas and engaging in business, and that it may be sued under the statute the same as any non-resident person or corporation.
The Court said:
"While the statute does not in express terms provide for suing cities of another state which may be found engaged in private business in Kansas, it is the view of the court that an action against a municipality is inherently local, and can only be brought in the jurisdiction in which the city is located. At common law no action could be brought against a municipal corporation outside of the county where it was situate, unless an express statute authorized it to be sued elsewhere. Pack, W. & Co. v. Greenbush Twp., 62 Mich. 122, 28 N.W. 746; Jones v. [Town of] Statesville, 97 N.C. 86, 2 S.E. 346; North Yakima v. Superior Ct., 4 Wash. 655, 30 P. 1053; Lehigh County v. Kleckner, 5 Watts & S. (Pa.) 181; Parks Co. v. [City of] Decatur, 6 Cir., 138 F. 550; Phillips v. City of Baltimore, 110 Md. 431, 72 A. 902, 25 L.R.A.,N.S., 711, and note.
"This rule is based mainly on the theory that administrative officers of a municipality are necessarily engaged at home in the performance of their public duties, and that it is contrary to public welfare and the scheme of municipal government to require them to go away from home and from their daily duties to resist litigation that may be instituted against the municipality in other places. The court is of opinion that in enacting the provisions of the Code as to venue and service of process upon persons and corporations, resident and nonresident, the Legislature did not have the cities of other states in mind, but framed the provisions upon the theory of the common law that cities are but subdivisions of a state exercising sovereign powers, and are not amenable to courts outside of the state in which such cities are situate. While the cause of action is transitory in nature, the forum is necessarily local, and, in the absence of express legislative provision, it must be assumed that the Legislature did not contemplate that a foreign municipal corporation could be sued in Kansas." [95 Kan. 548, 148 P. 638.] In the annotation in 93 A.L.R. 501, it is said that:
"Under what is perhaps the prevailing view on the question, an action against a municipal corporation is inherently local and must be brought in the county in which the municipality is located."
This appears to be the rule in the United States Courts, in Alabama, California, Georgia, Kansas, Maryland, Michigan, Minnesota, Mississippi, Montana, Nebraska, Ohio, Pennsylvania, Tennessee, Texas, Washington and West Virginia. The theory upon which this rule is founded is set forth in the case of Nashville v. Webb, 114 Tenn. 432, 85 S.W. 404, 405, 4 Ann.Cas. 1169.
In that case, plaintiff brought suit against Nashville and others in Wilson County for personal injuries by reason of a defective sidewalk in the City of Nashville  Nashville is located in Davidson County. The city filed no answer, although service was obtained upon its Mayor. Judgment was entered in behalf of the plaintiff for $4,000. Execution was issued and placed in the funds of the Sheriff and the City of Nashville brought suit to enjoin the execution on *737 the grounds that the suit should have been brought in Davidson County. The Circuit Court granted the injunction and the Supreme Court affirmed it. The Court used this language:
"* * * But actions against municipal corporations are inherently local. These bodies cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this point or that. They remain stationary; hence they must be sued where they are found  that is, in the county of their location. It is a misnomer, a misapplication of terms, to speak of an action against such a body as transitory, no matter what the ground may be on which the right of action rests. Such actions are not only inherently local, but it is of the greatest importance to the welfare of such bodies and of the citizens whom they serve, that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the state to attend to litigation brought against the city through the agency of counterpart writs."
See also Piercy v. City of Johnson City, 130 Tenn. 231, 169 S.W. 765, L.R.A. 1915F, 1029; State ex rel. Johnson v. District Court of Waseca County, Minnesota, 120 Minn. 458, 139 N.W. 947, Ann.Cas. 1914C, 106; Trader v. Southwestern Bell Telephone Co., 145 Kan. 690, 66 P.2d 414.
While not directly on the subject with which we are dealing, the policy of this State has been to require that its State officials and boards be sued in Leon County, the county of their official residence, unless such privilege is waived. See State ex rel. Ayala v. Knott, 148 Fla. 43, 3 So.2d 522; Mason Lumber Co. v. Lee, 126 Fla. 371, 171 So. 332; Game and Fresh Water Fish Comm. v. Williams, 158 Fla. 369, 28 So.2d 431.
Also of interest is that Section 47.20, F.S.A., providing for service of process on a municipal corporation contains a provision that service on a municipal official shall be ineffective if made outside the limits of said city.
Municipalities are a part of government. Its operations are confined, by and large, within its boundaries. Its jurisdiction seldom extends beyond its corporate limits. Its operation is geared to a locality and it would impose upon these purely local governmental units an intolerable burden, and one never contemplated, to hold that it could be sued outside the county in which it is located, which would be the effect of reversing the judgment on this point.
The action of the lower court in dismissing the complaint as to the City of Lake City is hereby affirmed.
Reversed in part and affirmed in part.
HOBSON, C.J., and TERRELL, ROBERTS and MATHEWS, JJ., concur.
THOMAS and SEBRING, JJ., not participating.