TERRELL, Justice.
Appellant as complainant filed an amended complaint in two counts, the first count alleging that it had been a tenant of defendant for ten years, that defendant owned storm shutters to protect the windows of the store building leased by it to appellant, that said storm shutters were under the exclusive control of defendants, that during tropical storms, defendants installed said storm shutters and removed *820 them after the storm, that on October 17, 1950, a storm arose but defendants failed to put the shutters in place, as a result of which the windows were blown out and plaintiff's property was badly damaged.
Count two alleges that because of the practice of large building and hotel owners in Miami Beach to protect the windows, doors, and openings of their building, including the contents thereof, a general custom or an implied agreement to do so was raised; that said general custom was well known to the plaintiff and defendants, who contracted with reference thereto and that it became an implied obligation of the-landlord which he assumed. Count two not only alleged the general custom but an oral agreement between the parties that the landlord would provide ’ and ■ install said Storm shutters, on condition that plaintiff refrain from doing so. . A' motion to dismiss the complaint was granted but on appeal this court reversed as to count two, holding that it did not wholly'fail to state a cause of action. El Encanto v. Boca Raton Club, Fla., 59 So.2d 523.
On remand defendants filed an answer in the nature of a general denial to which discovery deposition of Irving N. Donnin, president of the plaintiff corporation, was attached. Interrogatories addressed to the defendants were also filed, including- answers thereto. Based on discovery deposition of the plaintiff, defendant moved for summary judgment. Plaintiff countered with motion for summary judgment supported by affidavit of Irving N. Donnin, president of plaintiff corporation and one Eugene Ostrin. The motion for summary judgment was granted, a new trial was denied and the plaintiff appealed.
Florida Common Law Rule 43; 30 F.S.A., warrants the granting of a summary judg'ment'“if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Williams v. City of Lake City, Fla., 62 So.2d 732.
The answer to the question raised in this case turns on positive showing of two factors: (1) The existence of an oral agreement between the parties to install storm shutters, (2) The existence of a general custom in the City of Miami Beach.such as would raise an implied obligation on the part of the landlord to install storm shutters. The pleadings are sufficient to allege the custom and the obligation. There is evidence which shows that it was a custom of some of the hotels to furnish this protection but we find no positive showing that such a general custom existed. The president of the plaintiff company testified that since he had been a tenant of defendant, about ten years, the storm shutters had been installed as matter of practice and that he had never approached defendants about the matter.
 The plaintiff testified that he did not contract with reference to a general custom, and in fact, said at one time that he was not aware of such a custom. There was ample testimony showing that it was a practice among some owners of large buildings and hotels to furnish and install storm shutters but the evidence does not show that the practice was general. In order that a custom be general it must be shown to be uniform, of long duration, compulsory, certain, reasonable, not opposed to public policy; must be understood by both parties and contracted by them with the view of enforcement. If known and practiced by a few or if shown to have been practiced in isolated instances, it does not rise to the dignity of a general custom.
An examination of the record fails to disclose any genuine issue as to the material facts, and consequently the entry of a summary judgment in favor of the defendant was proper. The order appealed from is therefore affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.