150 So.2d 246 (1963)
AMELIA ISLAND MOSQUITO CONTROL DISTRICT, Nassau County, Florida, Appellant,
v.
Margaret W. TYSON and George E. Tyson, her husband, and Murray Richard Eisner, Appellees.
No. D-488.
District Court of Appeal of Florida. First District.
February 28, 1963.
Albin C. Thompson, Fernandina Beach, Boyd, Jenerette & Leemis, and Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellant.
Searcy & Sulik, and Cox, Grissett, MacLean & Webb, Jacksonville, for appellees.
CARROLL, DONALD, K., Chief Judge.
The cross-defendant in an automobile collision case has appealed from an order entered by the Circuit Court for Duval County denying its motion to dismiss a counterclaim on the ground of improper venue.
The appellant is a governmental agency designated and known as the Amelia Island Mosquito Control District, Nassau County, Florida, and will be referred to in this opinion simply as the District.
The appellant and the appellee Murray Richard Eisner agree in their briefs that the only proper venue for an original action against the District is in Nassau County; but the said appellee contends, and the Circuit Court held in effect, that the District nevertheless may be sued in Duval County as a cross-defendant in a counterclaim filed against the District by the defendant in the original action properly filed in Duval County.
This question arose out of the following situation:
The appellees Margaret W. Tyson and George E. Tyson, her husband, filed their complaint in the Duval County Circuit Court against the appellee Eisner, alleging that the latter is a non-resident of Florida. Their action was based upon an automobile accident that occurred in Nassau County. The court granted Eisner's motion for leave to bring in the District as a cross-defendant. After certain intermediate pleadings had been disposed of, Eisner filed an amended *247 counterclaim, to which the District filed a motion to dismiss upon several grounds, including that of improper venue. The court denied this motion in the order appealed from herein, the court finding that the bringing in of the District as a third party "* * * is not only proper but necessary to a complete determination of the issues. * * *"
The appellee Eisner concedes in his brief that, if either the plaintiffs or the defendant had originally elected to sue the District solely, or, if the plaintiffs had elected to join both the defendant and the District as the original co-defendants, the action would have had to have been filed in Nassau County, unless the District waived its privilege of asserting venue in that county, but does not concede that such privilege of venue extends to a party not an original defendant in the litigation. In support of his contention that this exception to the venue rule should be recognized under the present circumstances, the said appellee cites and relies upon statements from legal encyclopedias as well as several decisions in other jurisdictions. He also relies upon paragraphs (1) and (8) of Rule 1.13 of the Florida Rules of Civil Procedure, 30 F.S.A., which paragraphs read as follows:
"(1) Compulsory Counterclaim. The defendant, at the time of the filing of his answer, shall state as a counterclaim, any claim, whether the subject of a pending action or not, which he has against the plaintiff, arising out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
* * * * * *
"(8) Additional Parties May Be Brought In. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants if jurisdiction of them can be obtained, and their joinder will not deprive the court of jurisdiction of the action."
In response to this argument the District invokes the provisions of paragraph (4) of the said Rule, which paragraph, in our opinion, must be read "in parimateria" with paragraphs (1) and (8) quoted above. Paragraph (4) provides:
"(4) Counterclaim against the State. This rule shall not be construed to enlarge beyond the limits fixed by law the right to assert counterclaims or to claim credits against the State of Florida or any of its subdivisions or other governmental organization thereof subject to suit, or upon a municipal corporation, or upon an officer, agency, or administrative board of the State of Florida."
While the general rule that a governmental agency should ordinarily, at least, be sued in its own county, is not in dispute on this appeal, we deem it appropriate to discuss here the basis and the reason for this general rule. The Florida decision usually relied on for this proposition, as is done in the briefs on this appeal, is Williams v. City of Lake City, Fla., 62 So.2d 732 (1953), which involved venue for a municipal corporation. In that case the Supreme Court of Florida said:
"Under the common law no action could be brought against a municipal corporation outside the county where it was situated, unless an express statute authorized it to be sued elsewhere. Marshall v. Kansas City, 95 Kan. 548, 148 P. 637, L.R.A. 1915F, 1025; City of Jackson v. Wallace, 189 Miss. 252, 196 So. 223; 38 Am.Jur. 420, Par. 716. The appellant contends, however, that Sections 46.01 and 46.02, F.S.A., which read as follows:
"`46.01 Where suits may be begun. Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice's district) *248 where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.
"`If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant. This section shall not apply to suits against nonresidents.
"`46.02 Suits against defendants residing in different counties or districts. Suits against two or more defendants residing in different counties (or justices' districts) may be brought in any county or district in which any defendant resides.'
are inconsistent with the common law on the subject under the facts in this case, and that she is authorized to maintain this action in Duval County. We are not impressed by this argument. The majority of the courts have held that actions against municipal corporations are inherently local and that they must be sued in the county in which they are located. While we recognize that there are authorities to the contrary, we believe this rule is based on logic and reason and is the better rule."
The Supreme Court further said in the Williams case:
"While not directly on the subject with which we are dealing, the policy of this State has been to require that its State officials and the boards be sued in Leon County, the county of their official residence, unless such privilege is waived."
The rationale of this general rule of venue as to governmental agencies has been variously stated by the courts dealing with this question, but one of the best explanations of the reason for the rule is set forth in the following language from 38 Am.Jur., Municipal Corporations, Section 716, which the Supreme Court quoted with express approval in the Williams case:
"Several reasons have been advanced in support of the prevailing view. It has been remarked that municipalities cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this point or that. They remain stationary; hence, they must be sued where they are found. The courts have also constantly pointed out that it is of the greatest importance to the welfare of municipal bodies and of the citizens whom they serve that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the state to attend to litigation. The magnitude and importance of the functions of municipal government are constantly increasing with the growth of population and of the various and complex agencies employed in municipalities in the public service, and these functions require the constant presence and watchfulness of those charged with their direction and management. To permit these great public duties to be hindered or delayed in their performance, in order that individuals or private corporations might more conveniently collect their private debts, would be to pervert the great object of the creation of municipal corporations. The courts in some jurisdictions have stated that, under the common-law rule, as applied therein, municipalities cannot be sued outside their own territorial limits upon transitory causes of action."
In view of the conflicting authorities in other jurisdictions and the lack of any direct authority in this state, we can understand how the Circuit Court concluded as it did, but we think that the general rule recognized in the Williams case and the reasoning underlying that rule, especially in view of the provisions of paragraph (4) *249 of Rule 1.13, quoted above, impel us to the conclusion that the only proper venue for an action against the District, whether it be a defendant or co-defendant in an original action or a cross-defendant to a counterclaim, lies in Nassau County, unless the District should be held to have waived its privilege to be sued in Nassau County. We find no such waiver here.
We, therefore, reverse the order appealed from and remand the cause with directions to grant the District's motion to dismiss the counterclaim on the ground of improper venue.
Reversed and remanded with directions.
STURGIS and RAWLS, JJ., concur.