PER CURIAM.
This is an interlocutory appeal filed under Rule 4.2 F.A.R., 32 F.S.A., from an order relating to venue in an action for damages for personal injuries.
The plaintiff John V. Middlesworth, a resident of Dade County, filed this action in the circuit court in Dade County against Charles O. Finley, a non-resident of Florida, and the Kansas City Athletic Division of Charles O. Finley & Company, Inc., an Illinois corporation, allegedly doing business in the State of Florida. Thereafter the defendants filed a third party complaint *676 against the City of Bradenton, a municipal corporation of Florida, situated in Manatee County.
In the complaint the plaintiff sought recovery against the named defendants for their negligence in failing to maintain certain premises in a reasonably safe condition, alleging that as a result thereof the plaintiff was injured when the floor on which he was standing in a baseball park gave way under him. The defendants, in their third party claim in which they joined the City of Bradenton as a defendant, alleged that by their agreement with the city the maintenance of the premises was the duty of the latter, for which they demanded damages against the city for any amount which should be assessed against the defendants on the plaintiff’s case.
The City of Bradenton, as a third party defendant, moved to be dismissed for improper venue, claiming the right to be sued only in the county in which the city was located. The subsequent order of the trial court denying that motion is the subject of this appeal.
We find error, and reverse on the authority of Williams v. City of Lake City, Fla.1953, 62 So.2d 732 and Amelia Island Mosquito Control District v. Tyson, Fla.App.1963, 150 So.2d 246. The municipality enjoys a right conferred by the common law, unchanged by statute (Williams v. City of Lake City, supra), to be sued only in the county where it is located, either as defendant to a complaint, or when made a defendant to a third party claim. The third party practice rule, 1.180(a) R.C.P., 30 F.S.A., does not operate to deprive a municipality, when made a third party defendant, from invoking its common law right to be sued only in the county where it is located. Such right reposed in the city can be waived. Its claim of improper venue here shows absence of waiver. The appellant city’s motion should have been granted.
Reversed.