**John MIDDLESWORTH, Plaintiff,**

v.

**KANSAS CITY ATHLETICS DIV. OF CHAS. O. FINLEY, etc., Defendant,**

v.

**CITY OF BRADENTON, Third-Party Defendant.**

No. 68–689–Civ.

United States District Court
S. D. Florida.

Nov. 27, 1968.

cedural" rather than "substantive." The state law cannot control the venue of federal courts, but rather, venue is governed by the Acts of Congress. 1 Barron & Holtzoff, Federal Practice and Procedure, § 71, p. 359. Moreover, venue statutes have been held to be inapplicable to third party proceedings since they are ancillary to the main action. See 1A Barron & Holtzoff, supra, § 424, at p. 659 and the cases cited therein.

Thereupon, it is,

Ordered and adjudged that the third party defendant's motion to dismiss be and the same is hereby denied.

Spence, Payne & Masington, Miami, Fla., for plaintiff.

Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, Fla., for defendant.

Dixon, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for third-party defendant.

## ORDER

FULTON, Chief Judge.

This cause came to be heard on the third party defendant's motion to dismiss. The issue presented is whether a federal court sitting in diversity must follow that Florida rule of law which states that a municipality has a common law right to be sued only in the county in which it is located.

A reading of City of Bradenton v. Finley, 208 So.2d 675 (Fla.App. 3rd Dist. 1968) indicates that this rule is one of venue, and for purposes of the Erie doctrine, venue is considered "pro-