WIGGINTON, Judge
(dissenting).
I regret that I am unable to agree with my esteemed colleagues that the majority opinion does or should represent the law of Florida.
In the case sub judice the City of Fernan-dina Beach is alleged to have caused the wrongful death of the plaintiff’s decedent by the negligent operation of its motor vehicle while engaged in the performance of a proprietary function in Duval County outside of the county in which the city is situate. The cause of action is not local in any respect, either actually or inherently, and in my judgment the common law doctrine which confers upon a municipality the privilege of being sued in the county of its domicile on causes local in nature should have no application.
As an illustration, this court judicially knows from appeals in cases brought here for review that many municipalities in Florida such as Jacksonville and Tallahassee own and operate electrical generating and distribution systems in counties adjoining those in which the municipalities are located. If by the negligent act of such municipalities in the operation of such systems in adjoining counties the wrongful death of a citizen occurs, the injured party should have the right to maintain his action for damages in the county where the wrongful act is committed. In my opinion it would be eminently unjust to require plaintiffs in such situations to be confined in the selection of venue to the county where the offending municipality is located. To hold otherwise does not accord with my conception of logic, reason, or justice. Other equally cogent illustrations of municipalities operating other utility systems in counties adjoining the county of its domicile could be cited to emphasize the prevalence of such municipal activity in Florida. When a municipality leaves the confines of the county in which it is located to engage in a purely proprietary function, frequently in competition with private industry, it should be held to have placed itself on the same basis as any other domestic corporation insofar as concerns the venue of suits brought against it for its negligent action.
The majority opinion relies upon the decision of the Supreme Court in Williams *789 v. City of Lake City[1] as controlling. In the Williams case the plaintiff was injured while in the municipality of Lake City as a result of the alleged negligence of the city in the construction and maintenance of a ditch. The injured plaintiff instituted his action for recovery of damages in Duval County, whereas the municipality of Lake City is located in Columbia County. The Supreme Court held that under the common law the municipality possessed the privilege of being sued in the county of its location and, therefore, the action brought against the municipality in a foreign county was properly dismissed. The court grounded its conclusion on the theory that at common law all actions against municipalities were inherently local and because of this fact, coupled with the consideration of public policy of conserving the time and expense of the municipal officials who would be involved in litigation brought against it, causes of action against municipalities should be brought in the county of their domicile. The Williams opinion acknowledges a division of authority on the subject shared by courts of England as well as the United States. The Williams opinion is not controlling because the cause of action there accrued within the geographical limits of the city which was being sued by the plaintiff, whereas in the case sub judice the cause of action accrued in Duval County where the action has been instituted. Any citations of authority or comments by the court in the Williams decision which tend to extend the rule therein announced to causes of action against municipalities arising from the negligent act of the municipality in the performance of a proprietary function outside of the county of its domicile is purely dictum and not binding on that or any other court.
It is undisputed that at common law municipal government was operated on a generally limited scale and confined exclusively to the performance of strictly governmental functions. It was therefore only proper for the courts to adopt a rule of law to the effect that all causes of action against municipalities were inherently local in nature and should be brought only in the county in which the municipality was located. Commencing with the advent of the twentieth century, municipalities in this country have greatly expanded their governmental activities to include many and varied proprietary functions, particularly in the field of public utilities and transportation. In many instances these proprietary activities extend beyond the geographical limits of the county in which the municipalities are located and are in vigorous competition with private industry. When municipalities embark upon such profit-making ventures, they should be held to the same standards as other persons or corporations engaged in similar activities insofar as concerns the accountability for damages which they cause others in the performance of their proprietary functions.
In the case of Hargrove v. Town of Cocoa Beach[2] our Supreme Court recognized that the principle of common law which immunizes a municipal corporation against liability for torts committed by its agents in the performance of governmental functions under the doctrine of sovereign immunity was archaic, outmoded, and should no longer continue to be the law of this state. In acknowledging that common law rules forming the basic jurisprudence of this state must yield when changing conditions render the reason for the rule obsolete and no longer relevant, the court said:
“ * * * In doing this we are thoroughly cognizant that some may contend that we are failing to remain blindly loyal to the doctrine of stare decisis. However, we must recognize that the law is not static. The great body of our laws is the product of progressive thinking which attunes traditional concepts to the needs and demands of changing times. The modern city is in substantial measure a large business in *790 stitution. While it enjoys many of the basic powers of government, it nonetheless is an incorporated organization which exercises those powers primarily for the benefit of the people within the municipal limits who enjoy the services rendered pursuant to the powers. To continue to endow this type of organization with sovereign divinity appears to us to predicate the law of the Twentieth Century upon an Eighteenth Century anachronism. Judicial consistency loses its virtue when it is degraded by the vice of injustice.”
It is the rationale of the Hargrove decision which impels me to reach the conclusions expressed herein regarding the common law doctrine of venue as applied to municipalities.
Although I agree that the rule set forth in the Williams case is sound and represents the law of this state as applied to suits against municipalities on causes of action arising within the geographical limits of the counties in which the municipalities are located, I do not think that the rule should be extended to causes of action arising under facts similar to those present in the case sub judice. I would therefore hold that venue in the case now before us. was properly laid in Duval County and the complaint should not have been dismissed.

. Williams v. City of Lake City (Fla.1953) 62 So.2d 732.

. Hargrove v. Town of Cocoa Beach (Fla.1957) 96 So.2d 130, 133.