HENDRY, Judge.
Sama appeals a final summary judgment entered in favor of the defendant freight forwarder on the grounds that his claim was barred by the one year statute of limitations set forth in the Carriage of Goods by Sea Act, 46 U.S.C.A. §§ 1800— 1315 (“COGSA”). We reverse based upon the following brief analysis.
The relevant facts are as follows. In 1983, Sama, a citizen of Sierra Leone, West Africa, was a foreign student residing in Miami. After finishing his studies, he made plans to move back to his country. He contacted Southern International Shipping, Inc. (Southern), a company controlled and owned by George O’Shea, in order to make arrangements to ship his books, household goods, personal effects and a Datsun automobile to his home.[1]
Sama was instructed to deliver his cargo to a warehouse with whom Southern had independently contracted. Sama then received a receipt from the warehouse company and delivered it to O’Shea, who thereupon issued the original bill of lading. Sama’s cargo never arrived in West Africa.
After unsuccessfully trying to contact O’Shea several times, Sama finally received an answer on August 6, 1984, in which O’Shea notified Sama that he (O’Shea) was “out of business.”[2]
On July 19, 1985, Sama filed a two count complaint against O’Shea and his companies for damages based on conversion and treble damages and fees pursuant to Chapter 812, Florida Statutes, Florida’s Anti-Theft Statute. O’Shea’s first set of attorneys moved to dismiss because Sama had not posted a non-resident cost bond. Once the bond was posted, however, O’Shea’s attorneys withdrew from the casé.
On April 14, 1986, O’Shea and his companies, through new counsel, filed an answer with affirmative defenses which asserted the one year time bar set forth in COGSA.[3] Both sides moved for summary judgment.
The basis of Sama’s motion was that although he delivered the goods to O’Shea, the goods were never shipped, and O’Shea failed and refused to account for them and thereby converted them. The motion further alleged that there were no legal defenses set forth by O’Shea, and that he had failed even to create an issue of fact by filing a responsive affidavit. O’Shea’s cross-motion asserted the one year statute of limitations.
On August 4, 1986, a hearing was held before the trial court on both motions. Final summary judgment was entered in favor of the defendants/appellees.
We reverse upon a holding that summary judgment was erroneously entered because there remain genuine issues of material fact. Moore v. Morris, 475 So.2d 666 (Fla.1985) (a summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law). “If the evidence raises any genuine issue of any material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Id. at 668 (citing Williams v. Lake City, 62 So.2d 732 (Fla.1953); Crovella v. Cochran, 102 So.2d 307 (Fla. 1st DCA 1958)).
*1162 The final summary judgment appealed from is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.
HUBBART, J., concurs.

. O’Shea and his companies acted as freight forwarders and "consolidators” for the purpose of receiving Sama’s goods for the ultimate transport to a ship.

. Southern was sold by O’Shea to Kilman Enterprises subsequent to the issuance of the bill of lading to Sama, but prior to Sama's litigation against O’Shea. Kilman allegedly took over all Southern's documentation and took possession of its records.

.46 U.S.C. § 1303, "Responsibilities and liabilities of carrier and ship” provides in pertinent part:
(6) ... In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered.