CITY COUNCIL OF AUGUSTA, GA., v. TIMMERMAN, County Auditor, et al.

(Circuit Court of Appeals, Fourth Circuit. May 2, 1916.)

No. 1413.

1. TAXATION ☞608(9)—COLLECTION—INJUNCTION.
  Ordinarily the collection of taxes will not be enjoined, on the ground that the tax is illegal, unless complainant has no adequate legal remedy.
  [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1238; Dec. Dig. ☞608(9).]

2. TAXATION ☞608(9)—COLLECTION—INJUNCTION—REMEDY.
  A statutory provision for payment of taxes under protest and a legal action to recover them back affords an adequate remedy, and precludes enjoining collection.
  [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1238; Dec. Dig. ☞608(9).]

3. TAXATION ☞608(9)—SALE OF LAND FOR NONPAYMENT OF TAX—INJUNCTION —POWERS OF FEDERAL COURT.
  Civ. Code S. C. 1912, § 460, prohibits enjoining the collection of taxes, while section 461 provides that any property owner, deeming a tax charged against his property unjust or illegal, may pay it under protest and bring an action for recovery thereof in the court of common pleas of the county in which such taxes are made payable. Section 462 makes this remedy exclusive. Land of a nonresident was ordered sold in South Carolina for taxes, and the owner applied in the federal courts for an

injunction. *Held* that, as a state statute conferring a substantive right cannot exclude a citizen of another state from asserting such right in the federal courts, the remedy given by the South Carolina statute was adequate, as the nonresident could sue in the federal courts to recover back the taxes illegally exacted, and so injunction would be denied.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1238; Dec. Dig. Dig. ☞608(9).]

4. TAXATION ☞608(12)—COLLECTION—CLOUD ON TITLE.

Where the tax levy itself would disclose complainant's exemption, if any, without other evidence, collection of the tax will not be enjoined on the ground that the tax levy, being a lien on the land, would constitute a cloud on the title.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1241; Dec. Dig. ☞608(12).]

5. TAXATION ☞608(11)—COLLECTION—INJUNCTION—MULTIPLICITY OF SUITS.

Collection of taxes on property claimed to be exempt will not be enjoined on the ground that it would avoid a multiplicity of suits, for it will be assumed that tax officers will act in a practical way, and, taxes for one year being defeated, will not subsequently assert rights of taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1240; Dec. Dig. ☞608(11).]

6. TAXATION ☞217—EXEMPTIONS—CONSTRUCTION.

Civ. Code S. C. 1912, § 294, exempting from taxation all waterworks to supply water for the use of a town or city, the machinery and fixtures connected therewith, and grounds occupied thereby, when owned by the city or town, does not extend the exemption to land located in South Carolina and used in connection with the water supply of a city in an adjoining state; it being obvious that the exemption was intended to apply only to local governmental agencies.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 355, 356; Dec. Dig. ☞217.]

Appeal from the District Court of the United States for the Western District of South Carolina, at Greenville; Joseph T. Johnson, Judge.

Bill by the City Council of Augusta, Ga., against J. R. Timmerman, Auditor of Edgefield County, S. C., and others. From an order (227 Fed. 171) denying a temporary injunction, complainant appeals. Affirmed.

D. S. Henderson, of Aiken, S. C. (Hendersons, of Aiken, S. C., and C. Henry Cohen, of Augusta, Ga., on the brief), for appellant.

Fred H. Dominick, of Newberry, S. C., and B. E. Nicholson, of Edgefield, S. C. (Thos. H. Peeples, of Columbia, S. C., on the brief), for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. These are the material facts alleged in the bill for an injunction against the collection of the state and county taxes by the defendants as tax officers of Edgefield county in the state of South Carolina: The city of Augusta, situate on the Georgia side of the Savannah river, about 40 years ago acquired three acres of land on the South Carolina side of the river, which it uses as an abutment to a dam constructed across the river for the purpose of forcing water into canals on the Georgia side. The water thus supplied is used for

fire protection and municipal and domestic purposes, and some of it is furnished by the city to manufactories established along the canals. If the city should be deprived of the portion of the dam on the South Carolina side, the utility of the entire dam would, of course, be destroyed. The defendants, as tax officers of the county of Edgefield, in which the three acres of land and one-half of the dam is situated, are about to advertise the property for sale for the collection of a tax levied on it for the year 1914, amounting with costs and penalties to $774.35, and they have levied a similar tax for the year 1915. Besides these claims the tax authorities intend to institute proceedings to recover taxes for the past 10 years, amounting to $6,000 or $7,000. The claim of exemption from these taxes, on which the injunction is asked, is made under section 294 of the Code of South Carolina, which includes as one of the 20 classes of exempt property:

"All waterworks to supply water for the use of a town or city, the machinery and fixtures connected therewith and the grounds occupied thereby, when owned by any city or town."

[1-3] The District Judge refused the temporary injunction on the ground that the South Carolina statute, providing that the complainant might pay the taxes under protest and bring an action to recover them back, furnished an adequate legal remedy. The statute provides that any person who conceives the taxes charged against him to be unjust or illegal shall "pay the said taxes notwithstanding under protest," and that he "may at any time within thirty days after making such payment, but not afterwards, bring an action against the said county treasurer for the recovery thereof in the court of common pleas for the county in which such taxes are made payable." Code of S. C. 1912, § 461. This remedy is made exclusive by section 462.

The general rule is that courts will not interfere by injunction with the collection of the public revenue, on the ground that a tax is illegal, unless it clearly appears that the complainant has no adequate legal remedy, and that a statutory provision for the payment of taxes under protest and a·legal action to recover them back affords an adequate legal remedy. Dows v. Chicago, 11 Wall. 108, 20 L. Ed. 65; Boise Water Co. v. Boise City, 213 U. S. 276, 29 Sup. Ct. 426, 53 L. Ed. 796; Dalton Adding Machine Co. v. State Corp. Com'rs of Va., 236 U. S. 699, 35 Sup. Ct. 480, 59 L. Ed. 797; Dodge v. Osborn, 240 U. S. 118, 36 Sup. Ct. 275, 60 L. Ed. 557.

[4, 5] It is insisted, however, that only in an injunction from the court of equity is an adequate remedy to be found, because (1) the tax levy being a lien on the land, constitutes a cloud on the title; and (2) the assertion of complainant's claim to exemption would require a multiplicity of legal actions. The Supreme Court has disposed of the first position by holding that there exists no cloud upon a title which justifies the interference of the court of equity, when the alleged fatal defect in the tax levy or other proceeding appears on the face of the record, requiring no evidence aliunde to make it plain. Hannewinkle v. Georgetown, 15 Wall. 547, 21 L. Ed. 231; Ogden City v. Armstrong, 168 U. S. 224, 18 Sup. Ct. 98, 42 L. Ed. 444.

The complainant has not stated a case that entitles him to equitable

relief under this rule. There could be no real issue of fact requiring evidence outside of the record about the nature of the property. The tax assessment would doubtless make that plain; and the sole question in a suit to recover the taxes would be a legal one, namely, whether the statutory exemption from taxation of the waterworks and grounds occupied thereby, "when owned by any city or town," applies to waterworks and grounds occupied thereby owned by a city situated in another state. That this question could be decided with convenience and dispatch in an action at law to recover the taxes after paying them under protest is obvious.

Assuming as we must that the tax officers will look at the matter in a practical way, there is no reason to apprehend a multiplicity of suits. Suit may be brought it is true for taxes for ten years claimed to be due. But the judgment in a suit to recover back the taxes for one year would settle all the claims, for all stand on the same footing. The conclusion that the bill states no case for injunction does not accord with all the expressions on the subject found in federal and state decisions, but it is based on reason, and the best considered and latest decisions.

The contention that the amount involved is not sufficient to give the federal court jurisdiction is not well taken. The bill shows if the claim for taxes is valid, the amount due and collectible for the ten years, to which the statutory liability extends, will be about $6,000; and the whole amount would be a lien on the land, if it is subject to taxation.

[6] But assuming, contrary to our conclusion, that the matter is cognizable by a court of equity, the complaint must fail on the merits. Unless otherwise expressed, all legislation of a state relating to cities and towns refers to the cities and towns of that state, and not of another state or country. This is for the reason that the state has no control of cities and towns in other states, and from a governmental standpoint no interest in them. For a state to attempt to promote the development of cities and towns outside of its borders by exempting property owned by them from taxation exacted of its own citizens would be so anomalous and contrary to legislative history and governmental policy that nothing but the clearest affirmative expression would warrant such an inference. The General Assembly of South Carolina, legislating concerning taxation and exemptions of cities and towns, had no thought of cities and towns not subject to its legislation. The plain purpose was to exempt certain governmental agencies of its own municipal corporations. The precise point was so decided in State v. Holcomb, 85 Kan. 178, 116 Pac. 251, 50 L. R. A. (N. S.) 243, Ann. Cas. 1912D, 800, and Spokane Water Co. v. Kootenai County (D. C.) 199 Fed. 481.

Affirmed.