No. 25,480.

ROBERT S. BAKER, *Appellee*, v. CITY OF KANSAS CITY, Mo., *Appellant*.

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATION — *Foreign Domicile* — *Proprietary Capacity* — *Local Jurisdiction*. When a foreign municipal corporation comes into this state and establishes, maintains and operates a water system herein, it does not bring its sovereignty into this state, but is conducting its business here in its proprietary capacity, and for liabilities arising in this state from the conduct of such business here it may be sued in the courts of this state.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed March 7, 1925. Affirmed.

*Hugh J. Smith, John B. Pew,* both of Kansas City, *Solon T. Gilmore,* and *Ilus M. Lee,* both of Kansas City, Mo., for the appellant.

*James F. Getty,* and *Frank L. Bates,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order overruling a motion to set aside a default judgment on the ground that it was void. The defendant is a municipal corporation of Missouri, having a waterworks plant situated in Wyandotte county, Kansas, where it has pumping stations, reservoirs and other equipment for pumping and purifying water, which is conveyed through water mains to Kansas City, Mo., and also conveys and sells water to private consumers in Kansas City, Kan.

In February, 1922, the plaintiff, Robert S. Baker, brought an action against the city of Kansas City, Mo., in the district court of Wyandotte county, Kansas, and alleged that he was a resident of Wyandotte county, Kansas; that the defendant was a corporation organized under the laws of Missouri; that in September, 1916, he

was employed in writing to work for defendant, and continued in its employ until July, 1921, when he was wrongfully discharged and thereby damaged in the sum of $2,500. A second cause of action was for $110 alleged to be due him for services actually performed. A summons was issued and served upon the principal officer of the defendant, in charge of the defendant's business in this state. No appearance was made on behalf of defendant, and on January 5, 1923, the cause came on for trial, evidence was taken, and judgment was rendered for plaintiff for $2,500. In June, 1923, a garnishment summons was issued on the judgment and served upon Armour & Co. The garnishee's answer showed an indebtedness to the water department of Kansas City, Mo. The defendant then entered a special appearance in the action in Wyandotte county; averred that it is a municipal corporation of Missouri and a resident of that state; that no summons had been served upon it in Wyandotte county, Kansas; that the court had acquired no jurisdiction of the person of the defendant or the subject matter of the action; that the action is inherently local and could not be maintained outside of the jurisdiction in which defendant is located; and moved the court to set aside the judgment on the ground that it was void. The motion was overruled and the defendant appealed. The question to be determined is, Was the judgment void? For a void judgment may be set aside at any time, on motion (R. S. 60-3009), and, of course, a judgment entered without jurisdiction is void.

We naturally think of a municipal corporation as being a political or governmental portion of the state in which it is situated, and its governmental powers being confined to that state—even the ordinary governmental powers of a state stop with the state line—and there is more reason why a city, in respect to rights or liabilities respecting its purely governmental functions, should not be compelled to litigate in another jurisdiction, and the courts have uniformly so held.

But with respect to liabilities growing out of the exercise of its proprietary capacity there is no reason why that rule should apply. We are not now concerned with the right or authority of a municipal corporation of another state to conduct its proprietary functions within this state; it is conceded appellant is, and was doing so, and upon an extensive scale. The appellant has its waterworks, with pumping station, reservoirs, and water mains, actually situate in Wyandotte county in this state, and engages in the business of fur-

nishing water to persons, firms and corporations in this state for profit, or pay. Hence it is exercising its proprietary capacity outside of the state of its domicile and within this state. The appellee is a resident of this state, and was employed by and worked for appellant in this state in the conduct of its business functions herein, and out of that employment arose the damages complained of in the action, in which the judgment sought to be set aside was rendered.

In *The State v. Holcomb*, 85 Kan. 178, 116 Pac. 251, it was held:

"When a state, or any of its municipalities, goes into another state and there acquires and uses property it does not carry with it any of the attributes of sovereignty nor exercise of governmental power."

This case was cited with approval in *City Council of Augusta, Ga., v. Timmerman*, 233 Fed. 216, where it was said:

"Unless otherwise expressed, all legislation of a state relating to cities and towns refers to the cities and towns of that state, and not of another state or country. This for the reason that the state has no control of cities and towns in other states, and from a governmental standpoint no interest in them." (p. 219.)

In *Marshall v. Kansas City, Mo.*, 95 Kan. 548, 148 Pac. 637, it was held:

"A city of another state which is operating a water plant in this state is not subject to be sued in the courts of this state for a personal injury sustained in that city and which is caused by its negligence."

The injury complained of in that case arose in Kansas City, Mo., and not in this state and grew out of the exercise of the governmental functions of the city.

In a specially concurring opinion it was said:

"On any litigation affecting this Missouri city's water plant in Kansas, or concerning injuries received by employees in or about the plant in this state or the like, our courts might take jurisdiction but the writer is not very sure about that; but it would be unconscionable to hold that any and all litigation affecting Kansas City, Mo., damage suits, franchise suits, bond suits and the interminable litigation which constantly attends a great municipality like Kansas City could be brought in Kansas." (p. 551.)

It should be noted that two members of the court thought even that action could be maintained in Kansas, and stated:

"In Kansas the municipality of Kansas City, Mo., is essentially a private corporation, a nonresident of the state, and is subject to be sued in the courts of Kansas as other nonresidents and foreign corporations may be sued." (p. 552.)

Without detracting from the judgment of the court in the case last cited, as applied to the cause of action in that case, it will be noted that we have a different situation here. In this case the plaintiff is a resident of this state, was employed by defendant in this state and performed his services in this state, and in connection with the proprietary functions of the defendant as distinct from its governmental functions. There is no reason why the plaintiff in a suit of this character should be compelled to leave the jurisdiction of his residence and the place of his employment and injury and go into another jurisdiction to seek redress for his grievances.

Most of the authorities cited by appellant are upon the question of municipal venue within a state, as distinct from jurisdiction as between different states or countries (40 Cyc. 28, 39), and for that reason are not in point. The unreported case of *Hicks v. City of Kansas City, Mo.*, decided (1898) by the circuit court of the United States for the district of Kansas, relied upon by appellant, did not distinguish between the governmental and the proprietary functions of a municipal corporation, for which reason we decline to follow it.

In *U. S. Bank v. Planters' Bank*, 22 U. S. (9 Wheat.) 904, opinion by Chief Justice Marshall, it was said:

"It is, we think, a sound principle, that when a government becomes a partner in any trading company, it divests itself so far as concerns the transactions of that company, of its sovereign character and takes that of a private citizen. Instead of communicating to the company its privilege and its prerogatives, it descends to a level with those with whom it associates itself, and takes the character which belongs to its associates, and to the business which is to be transacted." (p. 907.)

So appellant did not bring its sovereignty into this state, but did bring its proprietary business here, and thus placed itself in the same class with other foreign business corporations doing business in this state, and with respect to such business, and especially liabilities arising in this state from the operation of its business here, it may be sued in the courts of this state, and service obtained upon its principal managing officer in this state. (R. S. 60-2518.)

The judgment of the court below is affirmed.