No. 33,339

WESLEY TRADER et al., *Appellants,* v. THE SOUTHWESTERN BELL TELEPHONE COMPANY (*Defendant*), THE CITY OF OTTAWA, *Appellee.*

(66 P. 2d 414)

Opinion filed April 10, 1937.

*Albert M. Casten,* of Quenemo, *Ralph E. Page,* of Ottawa, and *E. A. McDonald,* of Princeton, Mo., for the appellants.

*F. M. Harris* and *B. W. Kelsey,* both of Ottawa, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question presented in this appeal is the venue of an action for damages for wrongful death against a municipal corporation.

Plaintiffs filed in the district court of Wyandotte county, Kansas, a petition which, so far as need be noticed, alleged that plaintiffs were residents of Ottawa, Franklin county, Kansas, and the parents of Marion Trader, a child five years of age; that defendant South-

western Bell Telephone Company operated and maintained a telephone system in Ottawa; that defendant, the city of Ottawa, owned, operated and maintained an electric light and power plant and distribution system in Ottawa; that the company permitted its telephone wires to sag and come in contact with the city's electric light wires, which were not properly insulated, and to hang down in the street charged with a deadly current of electricity, and that Marion Trader came in contact with the hanging wire and was killed. In the petition specific streets and locations, all within the city of Ottawa, in Franklin county, Kansas, are named as places where the defects existed and the injury occurred.

A praecipe was filed for summons for the defendant company directed to the sheriff of Wyandotte county, Kansas, and for the defendant city directed to the sheriff of Franklin county, Kansas, and such summons served on the respective defendants.

The city appeared specially and asked the court to set aside the service of summons against it on the ground that it is a municipal corporation and is subject to suit only in Franklin county, Kansas, where it is situated. Upon hearing, the trial court allowed the motion. Plaintiffs appeal, assigning that ruling as error.

Appellant contends that a municipal corporation operating an electric light and power plant for profit may be joined with a joint tort-feasor in an action for damages brought in any district court in which valid service of summons may be had on such joint tort-feasor. In effect, its argument is that such an action is not one of those referred to in G. S. 1935, 60-503, which must be brought in the county where the action or some part thereof arose; that G. S. 1935, 60-504, referring to corporations, is permissive; and, that were the suit against the city in its governmental capacity, the venue would be in the county in which it is situated, but being engaged in its proprietary capacity the city has waived its sovereignty and may be sued as any citizen, and therefore is subject to the provisions of G. S. 1935, 60-509, reciting:

"Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned."

From that, appellant argues that summons having been properly had upon the joint tort-feasor, the company, in a county other than that in which the city is situated, a summons may properly issue from that county for the city.

The specific point presented in this case has not been passed upon by this court. In *Marshall v. Kansas City, Mo.*, 95 Kan. 548, 148 Pac. 637, plaintiff brought an action in Wyandotte county to recover damages for an injury resulting from negligence of the defendant in maintaining its streets. Upon motion of defendant the action was dismissed, and plaintiff appealed to this court. In discussing the question of liability of a municipality to be sued outside of the state where it is situated, it was said:

"While the statute does not in express terms provide for suing cities of another state which may be found engaged in private business in Kansas it is the view of the court that an action against a municipality is inherently local and can only be brought in the jurisdiction in which the city is located. At common law no action could be brought against a municipal corporation outside of the county where it was situate unless an express statute authorized it to be sued elsewhere." (Citing cases.) (p. 549.)

and it was held:

"A city of another state which is operating a water plant in this state is not subject to be sued in the courts of this state for a personal injury sustained in that city and which is caused by its negligence." (Syl.)

In *Baker v. Kansas City, Mo.*, 118 Kan. 27, 233 Pac. 1012, plaintiff, a resident of Kansas, and an employee of defendant at its waterworks plant in Kansas, brought an action to recover on his contract of employment. He recovered a judgment by default. Defendant's motion to set aside the judgment as void' being denied, it appealed. This court noted the difference in facts between that case and the Marshall case, and held:

"When a foreign municipal corporation comes into this state and establishes, maintains and operates a water system herein, it does not bring its sovereignty into this state, but is conducting its business here in its proprietary capacity, and for liabilities arising in this state from the conduct of such business here it may be sued in the courts of this state." (Syl.)

It should be observed that in neither of these cases was the question of venue as to a municipal corporation within the state involved, and that from them it can be deduced only that as against a foreign municipal corporation doing business in this state, an action may be maintained on a cause of action arising within this state, and not otherwise.

In other jurisdictions, many cases have arisen in which venue of actions against a municipal corporation has been decided. In 27 R. C. L. 790 the rule is stated as follows:

"In many jurisdictions the broad proposition is laid down and unswervingly

followed that actions against municipalities, whatever their character, must be brought in the county in which the municipality is situated. Municipalities cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this point or that. They remain stationary; hence they must be sued where they are found. Furthermore, the magnitude and importance of the functions of municipal government are constantly increasing with the growth of population, and of the various and complex agencies employed in cities and towns in the public service, and these functions require the constant presence and watchfulness of those charged with their direction and management. To permit these great public duties to be hindered or delayed in their performance, in order that individuals or private corporations might more conveniently collect their private debts, would be to pervert the great object of the creation of municipal corporations."

In 6 McQuillin on Municipal Corporations (2d ed.), § 2655, it is said:

"It is generally held that a municipal corporation may be sued only in the court having jurisdiction in the county or district or circuit in which the municipality is located unless otherwise expressly provided by law. Where a city is situated on the line between two counties, the action may be brought in either county. The reason given therefor in some cases is the inability of courts to serve process and enforce their judgments outside of their county, while in other cases it is held that such actions are local and not transitory and must therefore be brought in the county where the municipality is situated. Suit against a municipal corporation for trespass to real estate is a local action and may be brought in the county or place in which the cause of action arose. In some states the action may be brought in the county where the plaintiff resides or the defendant municipality is situated; in others, it must be brought in the county where the cause of action or some part thereof arose."

In an annotation on right to lay venue, etc., in 93 A. L. R. 501, the statement is made that—

"Under what is perhaps the prevailing view on the question, an action against a municipal corporation is inherently local and must be brought in the county in which the municipality is situated."

and many cases are cited in support.

The general subject is also treated in 25 L. R. A., n. s., 711, 44 C. J. 1471 and 67 C. J. 115. In all the texts above noted it will be found there is division of authorities, and that in some states it is variously held that the action is purely transitory; that a municipality is subject to being sued as any other corporation; that where statutes so provide, if suit is properly maintainable against a joint tort-feasor, in a particular county, summons may issue for a municipality situated in another county.

In *Nashville v. Webb,* 114 Tenn. 432, 85 S. W. 404, 4 Ann. Cas. 1169, in discussing the theory that an action against a city must be brought in the county in which it is situated, it is said:

"But actions against municipal corporations are inherently local. These bodies cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this point or that. They remain stationary; hence they must be sued where they are found—that is, in the county of their location. It is a misnomer, a misapplication of terms, to speak of an action against such a body as transitory, no matter what the ground may be on which the right of action rests. Such actions are not only inherently local, but it is of the greatest importance to the welfare of such bodies, and of the citizens whom they serve, that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the state to attend to litigation brought against the city through the agency of counterpart writs." (p. 435.)

And see the cases cited in the last citation.

It may be conceded that we have no express provision in our code of civil procedure that a municipality must be sued either in the county where it is situated or in the county where the cause of action arose, nor is there any provision having to do with the question of whether it was acting in a governmental or proprietary capacity. It is, however, provided that—

"All and every process and notice whatever, affecting any city, shall be served upon the mayor, or, in his absence, upon the clerk of such city." (G. S. 1935, 60-2517),

which must be held to limit the force and effect given G. S. 1935, 60-2518, providing for service of summons upon corporations generally, for it would appear that corporations generally may be sued in counties other than their residence if service can be had on certain prescribed officers. Insofar as a city is concerned, the service must be had upon the mayor, or if he is absent, upon the city clerk, from which it might be inferred it was the legislative intent that a city is to be sued only in the county in which it is situated.

After careful consideration of our statutes with reference to venue of actions, the service of process, the lack of specific provision with reference to venue of actions against municipal corporations, the rule of the common law, and the weight of authority from holdings in other jurisdictions, we conclude that an action against a municipal corporation, by reason of its status, is essentially local in character, and that to permit it to be sued in a county other than where it is situated, would be contrary to public policy and should not be per-

mitted. Nor are we inclined to draw any distinction depending upon whether the action arose from some function of the municipality in a proprietary, as distinguished from a governmental, capacity.

The judgment of the trial court is affirmed.