(940 P.2d 84)
No. 74,571

THE CESSNA AIRCRAFT COMPANY and SUN LIFE INSURANCE COMPANY OF AMERICA, *Appellees*, v. METROPOLITAN TOPEKA AIRPORT AUTHORITY, *Appellant.*

Opinion filed June 6, 1997.

*Michael P. Oliver* and *Arlen L. Tanner*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, and *Wayne T. Stratton* and *Steve A. Schwarm*, of Goodell, Stratton, Edmonds & Palmer, of Topeka, for appellant.

*Robert W. Cotter, Patrick J. Kaine,* and *Kent M. Bevan,* of Dysart Taylor Penner Lay & Lewandowski, P.C., of Kansas City, Missouri, for appellees.

*Donald L. Moler, Jr.,* general counsel, for *amicus curiae* League of Kansas Municipalities.

ROYSE, P.J., WAHL, S.J., and STEVEN R. BECKER, District Judge, assigned.

ROYSE, J.: Cessna Aircraft Company (Cessna) and Sun Life Insurance Company of America (Sun Life) brought this action against the Metropolitan Topeka Airport Authority (MTAA) to recover damages for aircraft destroyed in a hangar fire at Forbes Field Airport. The jury returned a verdict in favor of plaintiffs, and MTAA appeals.

MTAA is a governmental entity created pursuant to K.S.A. 27-317 *et seq*. MTAA operates two airports, Philip Billard Airport and Forbes Field Airport. Located within the confines of the Forbes Field Airport is hangar 626, an aircraft hangar built in the 1940's. On November 30, 1990, MTAA leased hangar 626 to a private corporation, Forbes Aviation d/b/a Million Air-Topeka (Million Air). Million Air subsequently subleased a portion of hangar 626 to Cessna for aircraft storage.

In 1993, Million Air hired Arnol Stegman d/b/a Steeplejack Services, Inc., to replace the roof on hangar 626. Stegman contracted with two individuals, Kelvin Lynn and Kelly McGlumphrey, to help with the roofing project.

Application of a rubber roof to replace the existing wooden roof on hangar 626 involved using a propane torch. During the evening of July 20, 1993, as Lynn and McGlumphrey worked on the roof, a fire started, which eventually engulfed the hangar and destroyed 13 airplanes—10 owned by Cessna and 3 which Cessna leased from Sun Life.

Cessna and Sun Life filed suit against MTAA, Million Air, Stegman, Lynn and McGlumphrey. Million Air settled with the plaintiffs prior to trial. The jury determined fault as follows: Million Air—37%; Stegman—12%; Lynn—7%; McGlumphrey—1%; and MTAA—43%. The jury determined Cessna had sustained damages totalling $15 million and Sun Life had sustained damages in excess of $5 million.

MTAA argues on appeal that the district court erred in denying its motions for summary judgment and for directed verdict. (There is no document labelled motion for directed verdict. At the conclusion of the evidence, MTAA's counsel asked the court to order a directed verdict based upon the arguments contained in its trial brief.)

Summary judgment is only appropriate if the record conclusively shows that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *C.J.W. v. State*, 253 Kan. 1, 16, 853 P.2d 4 (1993). This court, like the trial court, must resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party opposing the

summary judgment motion, and if reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *P.W. v. Kansas Dept. of SRS*, 255 Kan. 827, 828-29, 877 P.2d 430 (1994).

When appellate review is sought in connection with a motion for directed verdict, the court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and where reasonable minds could reach different conclusions based on the evidence, the trial court's denial of the motion must be affirmed. See *Kuhl v. Atchison, Topeka & Santa Fe Rwy. Co.*, 250 Kan. 332, Syl. ¶ 1, 827 P.2d 1 (1992).

Before dealing specifically with the issues MTAA raises on appeal, we note that MTAA's brief on appeal exceeds the 50-page limit imposed under Rule 6.07 (1996 Kan. Ct. R. Annot. 33). MTAA's use of Roman numerals in the nature of the case, issues, and statement of facts sections of its brief, while employing Arabic numerals in the argument section of its brief, is not a permissible way to bypass the 50-page rule. Nor did MTAA's motion to exceed the page limit comply with the requirements under Rule 6.07, that it be submitted prior to submission of the brief and include a specific total page request.

## DUTY

MTAA argues on appeal that it did not owe any duty to plaintiffs under any exception to the general rule that a landlord is not liable to third parties for their damages occurring on a tenant's leasehold.

To recover in a negligence action, the plaintiff must prove a duty was owed by the defendant to the plaintiff, a breach of that duty, and that the breach of duty was the proximate cause of damages sustained by the plaintiff. *P.W. v. Kansas Dept. of SRS*, 255 Kan. at 831. The existence of a duty is a question of law, subject to unlimited review by this court. 255 Kan. at 831.

MTAA refers to the general rule that a landlord has no liability for damages to tenants or others entering the land which result from defective conditions existing at the time of the lease. *Borders v. Roseberry*, 216 Kan. 486, 488, 532 P.2d 1366 (1975). MTAA

acknowledges that there are six common-law exceptions to the rule of nonliability: (1) undisclosed dangerous conditions known to lessor and unknown to the lessee; (2) conditions dangerous to persons outside the premises; (3) premises leased for admission of the public; (4) areas retained in the lessor's control which lessee is entitled to use; (5) where lessor contracts to repair; and (6) negligence by lessor in making repairs. 216 Kan. at 488-92. MTAA, however, contends that none of the six exceptions apply in this case.

MTAA's argument that the common-law exceptions do not apply in this case is academic. The plaintiffs did not base their claim on one of the six common-law exceptions noted, nor did the district court refer to one of those exceptions in denying MTAA's motion for summary judgment. Finally, the district court did not instruct the jury that MTAA bore a duty to plaintiffs under one of the six common-law exceptions to landlord nonliability. In short, the principles set forth in *Borders* did not provide the basis of MTAA's liability in this case.

· The record in this case makes clear that the district court applied Restatement (Second) of Torts § 324A (1965) in finding that MTAA bore a duty to plaintiffs, which section provides:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

Section 324A was adopted by the Supreme Court in *Schmeck v. City of Shawnee*, 232 Kan. 11, Syl. ¶ 4, 651 P.2d 585 (1982).

The record in this case shows that MTAA undertook to provide its tenants, including Million Air, with fire and police protection. Moreover, MTAA adopted rules and regulations restricting persons from entering hangars without permission and from performing work on a hangar without written permission from airport man-

agement. Other regulations restricted the use of flame operations and the storage of flammable materials in hangars. MTAA further represented that it would provide Cessna with the same type of services offered its other tenants.

MTAA argues that § 324A is inapplicable to claims for property damage. MTAA cites *Barber v. Williams*, 244 Kan. 318, 324, 767 P.2d 1284 (1989), a case in which the Supreme Court held § 324A did not apply in plaintiff's action to recover money she had paid to astrologers. Although this argument was not raised in MTAA's motions for summary judgment or directed verdict, we will address it briefly.

MTAA's suggestion that property damage is not "physical harm" as used in § 324A is not persuasive. In *Johnson v. Board of Pratt County Comm'rs*, 259 Kan. 305, 913 P.2d 119 (1996), the Supreme Court held that § 324A was applicable to a claim against an engineering firm for property damage resulting from the negligent design of a bridge. Moreover, paragraph b of the Comment to § 324A makes clear that the section applies when the actor's conduct "results in physical harm to the third person or his things." See also *Circle Land & Cattle Corp. v. Amoco Oil Corp.*, 232 Kan. 482, 657 P.2d 532 (1983) (applying similar section, § 323, to claim for property damage to irrigation engines).

Although MTAA does not raise this argument, *amicus curiae* League of Kansas Municipalities argues that if a duty can arise under § 324A on the basis of undertakings contained in a lease, then governmental entities are subjected to unforeseen risks of liability. This argument is not persuasive. A lease is no different than any other contract, in that a governmental entity may negotiate its terms and decide whether to subject itself to its obligations. The Supreme Court has already applied § 324A on the basis of contractual undertakings. See *Johnson*, 259 Kan. at 318; *Ingram v. Howard-Needles-Tammen & Bergendoff*, 234 Kan. 289, 295, 672 P.2d 1083 (1983).

In its reply brief, MTAA raises several additional challenges to the district court's reliance on § 324A. Those new issues are not properly before us.

"Rule 6.05 (1988 Kan. Ct. R. Annot. 25) prohibits filing a reply brief unless it is necessary to do so because of new material contained in the appellee's brief. The reply brief is an inappropriate forum for raising additional issues because it violates Supreme Court rules and denies the appellee the opportunity to respond to those issues." *In re Marriage of Powell*, 13 Kan. App. 2d 174, 177, 766 P.2d 827 (1988) *rev. denied* 244 Kan. 737 (1989).

The district court did not err in determining that § 324A was applicable to plaintiffs' claims for property damage. In light of this conclusion, we will only briefly address MTAA's other duty arguments.

MTAA argues that it had no special relationship with plaintiffs which would give rise to a duty to Cessna and that Cessna was not an intended third-party beneficiary of the MTAA/Million Air lease. These arguments misconstrue the district court's order denying its motion for summary judgment and are not persuasive. The district court did not rely on the mere existence of a landlord-tenant relationship or on a third-party beneficiary theory; the court made clear that MTAA's duty arose out of its contractual obligations with Million Air and its course of dealing with and representations to Cessna. The district court did not instruct the jury that liability could be imposed on MTAA merely on the basis of a special relationship, nor was a contractual third-party beneficiary theory submitted to the jury. As noted above, the district court generally relied on § 324A in instructing the jury with regard to MTAA's duty.

In summary, the district court did not err in denying MTAA's motions for summary judgment and directed verdict on the duty issue.

## IMMUNITY

MTAA argues that the district court erred by denying its motions for summary judgment and directed verdict on immunity grounds. This issue requires us to interpret and apply several sections of the Kansas Tort Claims Act. Interpretation of a statute is a question of law, over which this court has unlimited review. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

There is no dispute that MTAA is a governmental entity created pursuant to 27-327 *et seq.* It is a political subdivision exempt from the payment of damages. K.S.A. 27-330(a). Generally, the Kansas Tort Claims Act makes governmental liability for tort claims the rule (K.S.A. 75-6103[a]), subject to numerous exceptions (K.S.A. 75-6104). A governmental entity claiming immunity bears the burden of showing it fits within one of the exceptions to liability. *Jackson v. City of Kansas City*, 235 Kan. 278, 286, 680 P.2d 877 (1984). MTAA argues that this case fits within four exceptions: K.S.A. 75-6104(c), (e), (k), and (n).

K.S.A. 75-6104(c) provides that a governmental entity shall not be liable for damages resulting from "enforcement of or failure to enforce a law, whether valid or invalid, including, but not limited to, any statute, rule and regulation, ordinance or resolution." MTAA argues that the plaintiffs relied on the theory that MTAA failed to prohibit the roofers from using an open flame, contrary to MTAA regulations. MTAA contends that claim is no more than a claim that MTAA failed to enforce a regulation.

Our Supreme Court discussed 75-6104(c) in *Cansler v. State*, 234 Kan. 554, 675 P.2d 57 (1984). That case involved claims for damages arising out of the defendants' failure to warn plaintiff that convicts had escaped from the penitentiary. The Supreme Court observed:

"But state agencies all are created by law; their powers and their duties are established by law; and, in one sense or another, they carry out or enforce the law when they proceed with their day-to-day operations. If 75-6104(c) is given the broadest possible construction, then it becomes almost impossible to conceive of an action by a governmental agency which does not constitute enforcing or carrying out a law.

"We construe K.S.A. 1981 Supp. 75-6104(c) to provide an exemption from claimed liability only where claimant's *sole asserted claim* of causal negligence is the public entity's enforcement or failure to enforce a law. That section does not provide an exemption where the agency, in enforcing or failing to enforce a law, commits some additional tortious act or omission which would be negligence at common law, and which act or omission causes damage." (Emphasis added.) 234 Kan. at 568.

Thus, in *Cansler*, the court concluded immunity was not available under 75-6104(c) because the plaintiff's claim was not based

simply upon the failure to retain custody of inmates as required by statute. The plaintiff's claim was also grounded in the common-law duty to retain control of known dangerous persons, in giving such dangerous persons access to dangerous weapons, permitting them to escape while armed, and in failing to warn individuals, including plaintiff, of the escape. 234 Kan. at 570. See also *Fudge v. City of Kansas City*, 239 Kan. 369, 374, 720 P.2d 1093 (1986) (75-6104[c] inapplicable where officers allegedly violated mandatory internal rules); *Jackson*, 235 Kan. at 285-86 (75-6104[c] inapplicable where plaintiffs claimed firefighters failed to operate emergency vehicle in accord with departmental rules, drove at an excessive speed, and drove without due regard for the safety of others).

MTAA contends the roofers' use of an open flame was a violation of an MTAA rule by a third party, not a violation by MTAA of its own rules and regulations. This contention was not set forth by MTAA in its motion for summary judgment or directed verdict. MTAA has abandoned on appeal the argument it raised below, that plaintiffs were basing their claim solely on MTAA's failure to enforce its own rules and regulations.

In any event, MTAA fails to recognize that plaintiffs' claim against MTAA was not based solely on the roofers' use of an open flame or on MTAA's failure to enforce its own rules and regulations. The pretrial order, the response to the motion for summary judgment, and the trial transcript make clear that plaintiffs based their claim against MTAA on common-law duties, including the duty under § 324A discussed above, on its safety department manual provision that the needs of the tenants form an integral part of the mission of the safety department, on its undertaking in the lease to provide Million Air with the structural fire and police protection it provides other tenants, on its representations that it would provide Cessna the same type of services offered other tenants and would report anything unusual to Cessna, and on numerous internal rules which MTAA allegedly violated.

The district court did not err in rejecting MTAA's claim of immunity under 75-6104(c).

MTAA also claims immunity under K.S.A. 75-6104(e), which provides a governmental entity shall not be liable for damages resulting from the exercise or failure to exercise a discretionary function. MTAA contends plaintiffs' claims involved MTAA's exercise of discretion regarding what fire and police protection methods to use and what procedures to adopt relevant to inspecting and protecting hangar 626.

The key in determining whether 75-6104(e) applies is to focus on "the nature and quality of the discretion exercised. . . rather than the status of the employee exercising that discretion." *Robertson v. City of Topeka*, 231 Kan. 358, 362, 644 P.2d 458 (1982). "The test is whether the judgments of the government employee are of the nature and quality which the legislature intended to put beyond judicial review." *Carpenter v. Johnson*, 231 Kan. 783, 788, 649 P.2d 400 (1982).

"The discretionary function exception under K.S.A. 75-6104(d) [now K.S.A. 75-6104(e)] of the Kansas Tort Claims Act is not applicable in those situations where a legal duty exists, either by case law or by statute, which the governmental agency is required to follow. The governmental agency does not have a discretionary right to violate a legal duty and avoid liability." *Dougan v. Rossville Drainage Dist.*, 243 Kan. 315, Syl. ¶ 3, 757 P.2d 272 (1988).

Immunity is available under 75-6104(e) (formerly 75-6104[d]) only when no mandatory duty or guidelines exist. 243 Kan. at 323; see *Bolyard v. Kansas Dept. of SRS*, 259 Kan. 447, 452, 912 P.2d 729 (1996).

As discussed above, when viewing the record in this case as we must, with all facts and reasonable inferences drawn in favor of the plaintiffs, there is evidence to support plaintiffs' claim that MTAA not only obligated itself to provide law enforcement and fire protection to its tenants and to Cessna, but it also established mandatory rules and procedures for doing so. As the Supreme Court stated in *Beck v. Kansas Adult Authority*, 241 Kan. 13, 31, 735 P.2d 222 (1987),"[D]isregard of those . . . departmental policies, and regulations was not within the discretionary function exception."

Although MTAA does not raise this argument, *amicus curiae* League of Kansas Municipalities argues that providing fire protec-

tion to a lessee is a matter of discretion on the part of the governmental entity. While it is true that the decision to lease property and provide fire protection to a lessee may be discretionary, once a governmental entity undertakes to provide those services, and to adopt mandatory regulations and policies in connection with those services, discretionary immunity does not protect the governmental entity from liability for a failure to provide services in accord with those regulations and policies. See *Bolyard*, 259 Kan. at 452; *Nero v. Kansas State University*, 253 Kan. 567, 586-88, 861 P.2d 768 (1993); *Fudge*, 239 Kan. at 375.

MTAA argues for the first time on appeal that it is entitled to immunity under K.S.A. 75-6104(k), which provides a governmental entity shall not be liable for damages for "the failure to make an inspection, or making an inadequate or negligent inspection, of any property other than the property of the governmental entity, to determine whether the property complies with or violates any law or regulation or contains a hazard to public health or safety." This claim is not properly before us, because a new legal theory may not be asserted for the first time on appeal. *Bolyard*, 259 Kan. 447, Syl. ¶ 8. MTAA may not adopt a new position on appeal by attempting to broaden its immunity claim.

Finally, MTAA argues that it is entitled to immunity under K.S.A. 75-6104(n), which provides a governmental entity shall not be liable for damages for the "failure to provide, or the method of providing, police or fire protection." This argument is without merit. First, the Supreme Court has made clear the parameters of 75-6104(n):

"We believe [this provision] is aimed at such basic matters as the type and number of fire trucks and police cars considered necessary for the operation of the respective departments; how many personnel might be required; how many and where police cars are to operate; the placement and supply of fire hydrants; and the selection of equipment options. Accordingly, a city is immunized from such claims as a burglary could have been prevented if additional police cars had been on patrol, or a house could have been saved if more or better fire equipment had been purchased. We do not believe [this provision] is so broad as to immunize a city on every aspect of negligent police and fire department operations. Should firemen negligently go to the wrong house and chop a hole in the roof thereof,

we do not believe the city has immunity therefor on the basis the negligent act was a part of the method of fire protection." *Jackson*, 235 Kan. at 292.

Unlike the "basic matters" described in *Jackson*, plaintiffs here asserted MTAA was liable for its failure to carry out very specific undertakings to Million Air and Cessna. Plaintiffs claimed MTAA failed to perform special police and fire protection duties, which it specifically undertook for their benefit. Plaintiffs did not ground their claim of negligence on the number of truck and patrol cars used by MTAA or the number of personnel necessary to carry out MTAA's undertakings.

A second important point from *Jackson* is that the provision for immunity for fire and police protection under the tort claims act grows out of the old rule of sovereign immunity for carrying out governmental functions. *Jackson* comments that Kansas case law regarding immunity for governmental functions which predates the tort claims act is helpful in construing the fire and police immunity provision. 235 Kan. at 291.

What separates this case from those which address immunity for governmental functions is that MTAA, as a landowner, undertook to provide certain security measures to its tenant and the occupant of its hangar. Once MTAA undertook to become a landlord and to provide such security measures, it became subject to the same rules which apply to private landlords who undertake to perform the same type of service. See *Nero*, 253 Kan. at 583.

For these reasons, the district court did not err in denying MTAA's motions for summary judgment and directed verdict on the immunity issue.

## INSTRUCTIONS

MTAA argues on appeal that the district court erred in four of its instructions to the jury.

Errors regarding jury instructions do not warrant reversal unless they result in prejudice to the appealing party. Instructions are to be considered together and read as a whole, and where they fairly instruct the jury on the law governing the case, error in an isolated instruction may be disregarded as harmless. If the instructions are substantially correct, and the jury could not be reasonably misled

by them, the instructions will be approved on appeal. *Noel v. Pizza Management, Inc.*, 258 Kan. 3, 12, 899 P.2d 1013 (1995).

The first instruction MTAA complains of was Instruction No. 13, an issue instruction which delineated plaintiffs' claims of fault against MTAA. MTAA complains on appeal that the instruction misstates the law, is overbroad, does not require the jury to find specific facts or permit the jury to find any specific fault, and requires the jury to assume ultimate facts. MTAA did not raise these arguments at trial and may not do so for the first time on appeal.

"A party may not assign as error the giving or failure to give an instruction unless the party objects before the jury retires to consider its verdict. The objection must distinctly state the matter to which the party objects and the grounds for such objection unless the instruction is clearly erroneous." *Bright v. Cargill, Inc.*, 251 Kan. 387, 409, 837 P.2d 348 (1992).

See K.S.A. 60-251(b). MTAA's contention that there was no evidence to support plaintiffs' claims of MTAA fault is without merit.

MTAA claims that the district court erred in giving Instruction No. 31 to the jury. That instruction stated:

"A governmental entity, such as Metropolitan Topeka Airport Authority, is immune from liability for negligence in carrying out the general duties owed to the public at large, such as police, fire protection and inspection duties. If a governmental entity undertakes to perform such duties in a special manner to a specific member of the public, it is not immune from liability for negligence in the performance of that special duty undertaken.

"In this case, the Metropolitan Topeka Airport Authority is a dual entity and, in addition to being a governmental entity, is the landlord of Forbes Aviation, Inc. d/b/a Million Air-Topeka with respect to Hangar 626. As such a landlord, the Metropolitan Topeka Airport Authority does have the same duties a private landlord, bound by a similar contract, would have to the tenant or a subtenant and would be bound by any applicable governmental codes or regulations to the same extent as a private landlord."

MTAA argues that this instruction was erroneous because there was no evidence MTAA undertook any special duties to plaintiffs. This argument is without merit. As discussed above, there was such evidence in the record. MTAA also argues it owed no duty to a subtenant, but there is evidence in the record that MTAA undertook to provide security services to Cessna. In addition, the tenant/subtenant language of Instruction No. 31 is further clarified in

Instructions Nos. 24, 25, and 32. Finally, MTAA argues for the first time on appeal that the term "dual entity" conveyed to the jury that MTAA should be held to a higher standard. This argument is not properly before us. K.S.A. 60-251(b).

MTAA's third argument concerns Instruction No. 32. That instruction is based on the rule found in Restatement (Second) of Torts § 324A (1965). MTAA argues there was no evidence that MTAA undertook a duty to plaintiffs. That argument is without merit. MTAA represented that it would provide police and fire protection to Cessna and that it would let Cessna know if there were any problems around the hangar; it adopted mandatory regulations, discussed above, in regard to carrying out its police and fire protection activities. While MTAA repeatedly characterizes its police and fire protection duty as a duty owed to the public at large, the record is clear that MTAA undertook to provide special protection to its tenants and to plaintiffs.

MTAA objects that it was error to include the subparagraph which imposes liability if a landlord has undertaken to perform a duty owed by another to the third party. This objection ignores evidence that Million Air had a duty to warn Cessna of dangerous conditions on the property and that MTAA represented it would contact plaintiffs regarding any problems around the hanger. We reject MTAA's implication that the existence of a landlord/tenant/subtenant relationship precludes application of § 324A. MTAA's other challenges to Instruction No. 32 were not raised at trial and were not preserved for appeal.

MTAA's final challenge to the instructions concerns Instruction No. 33. The district court fashioned this instruction by modifying PIK Crim. 2d 8.91, a pattern instruction which concerns the duty of an automobile passenger. MTAA argues on appeal that it was error to use a motor vehicle instruction in this case. That argument ignores the obligation of the district court to prepare instructions appropriate to the case, which may require the court to modify a PIK instruction or to add an instruction not included in PIK. *State v. Whitaker*, 255 Kan. 118, 124, 872 P.2d 278 (1994); *State v. Pioletti*, 246 Kan. 49, 58-59, 785 P.2d 963 (1990). MTAA also asserts without explanation or citation to any authority that Instruc-

tion No. 33 was not based on Kansas law and was prejudicial to MTAA. Issues raised by an appellant with no supporting authority or argument need not be addressed. *Hole-in-One, Inc. v. Kansas Industrial Land Corp.*, 22 Kan. App. 2d 197, 205, 913 P.2d 1225 (1996).

The district court in this case gave the jury a total of 44 instructions. Considering all of the instructions together, we are satisfied they fairly instructed the jury on the applicable law. MTAA's arguments fail to establish any reversible error in the instructions.

## CAUSATION

MTAA reiterates its argument that there was insufficient evidence to establish the existence of a duty. This argument was considered earlier, and we will not repeat that analysis here. Suffice it to say, there was sufficient evidence of duty in the record, and the district court did not err in denying MTAA's motion for directed verdict.

MTAA also argues there was insufficient evidence of causation to support the jury's verdict. MTAA takes the position that the roofers caused the fire and that plaintiffs failed to prove that any breach of duty by MTAA caused or contributed to plaintiffs' damages.

To recover in a negligence action, the breach of duty must be the actual and proximate cause of the injury. Whether conduct in a given case is the cause in fact or proximate cause of plaintiff's injuries is normally a question of fact for the jury. *Baker v. City of Garden City*, 240 Kan. 554, 557, 731 P.2d 278 (1987).

"When a verdict is challenged for insufficiency of evidence or as being contrary to the evidence, it is not the function of this court to weigh the evidence or pass on the credibility of the witnesses. If the evidence, with all reasonable inferences to be drawn therefrom, when considered in the light most favorable to the prevailing party, supports the verdict, it will not be disturbed on appeal." *Cerretti v. Flint Hills Rural Electric Co-op Ass'n*, 251 Kan. 347, 361-62, 837 P.2d 330 (1992).

The record in this case contains sufficient evidence to support the jury's determination that MTAA's breach of duty caused or contributed to the fire. MTAA employees who were responsible for carrying out MTAA's police and fire protection duties testified

that they did not even know of the prohibition against inflammable materials, the restrictions on open flames, or the rule requiring identification of fire hazards. While no MTAA safety employee admitted seeing the roofers using a torch on hangar 626, the record does show that they would drive past the hangar 10 to 20 times during a patrol of the airport. Moreover, MTAA safety employees admitted knowing about the roofing project and, in fact, had to let the roofers through the locked gate into the area where hangar 626 was located. Furthermore, there was testimony that safety department employees on patrol were required to watch out for fire hazards and to take action in the event a potential hazard was observed.

David Stremming, MTAA President, authorized Million Air to apply a rubber roof to hangar 626. Although he testified he did not know roofers would use a torch on hangar 626, there was evidence in the record contradicting that claim. Robert Zibell of Million Air testified he told Stremming that he wanted to put a roof on hangar 626 like the roof that he had put on hangar 170. Stremming went up on the roof of hangar 170 to observe the job and observed the use of a torch in the application of that roof. In addition, Stremming admitted that he had a clear view of hangar 626 from his office window.

Edward Schons, the director of MTAA's safety department, assured Cessna representatives that his department was a 24-hour-a-day operation and that his people would inform Cessna if they saw anything unusual around the hangar. In particular, Schons said he would advise Cessna of anything threatening the aircraft. He assured Cessna that his safety department responded to problems very rapidly, like a "hungry dog on a piece of meat." Plaintiffs, however, were not warned that a torch was being used on the roof of the hangar where their planes were stored.

MTAA contends that the actions of Million Air and the roofers were an intervening cause, precluding liability on the part of MTAA. That argument is not persuasive. There is certainly evidence in the record which would justify the jury's determination that the acts of Million Air and the roofers did not break the sequence of events between MTAA's wrong and plaintiffs' injury. See

*Finkbiner v. Clay County*, 238 Kan. 856, 862, 714 P.2d 1380 (1986).

While other evidence could be mentioned, such an exercise would only prolong this opinion. Our review of the record, viewed in the light most favorable to plaintiffs, indicates that there was sufficient evidence to support the jury's determination that MTAA's negligence caused or contributed to plaintiffs' damages.

## EVIDENCE OF DAMAGES

MTAA contends that the district court erred in admitting certain evidence plaintiffs offered in connection with their claimed damages. "Rulings on the admissibility of evidence fall within the sound discretion of the trial court. One attacking an evidentiary ruling must show an abuse of discretion. An abuse of discretion exists only when no reasonable person would take the view adopted by the trial court." *Stowers v. Rimel*, 19 Kan. App. 2d 723, Syl. ¶ 3, 875 P.2d 1002 (1994).

A verdict will not be set aside on the basis of the erroneous admission of evidence unless the record shows a specific and timely objection. K.S.A. 60-404. A party may not object to the introduction of evidence on one ground at trial and then assert a different objection on appeal. *State v. Goseland*, 256 Kan. 729, Syl. ¶ 1, 887 P.2d 1109 (1994).

MTAA argues at length that plaintiffs' evidence of damages was speculative. The planes destroyed in the fire had been customized for use in a Navy training project. Cessna introduced evidence of its efforts to market the planes after the project ended, including a proposal to use the planes in a drug interdiction program. Nearly all of this evidence was admitted without objection at trial, and MTAA on appeal merely attempts to minimize the weight to be given that evidence. It is not the function of this court to reweigh the evidence. *Cerretti*, 251 Kan. at 361-62. MTAA has not cited to one place in the record where an objection was raised on the grounds that the testimony was speculative.

MTAA's brief mentions only two evidentiary objections which were made at trial. It claims the district court erred in admitting the testimony of Jon Huffman regarding the market value of the

planes that were destroyed. The record, however, shows that MTAA's objection to form was sustained, the question was rephrased, and the witness gave his opinion without further objection. An objection is waived by the failure to renew it when the question is repeated. *Schlatter v. Ibarra*, 218 Kan. 67, 73, 542 P.2d 710 (1975).

The other evidentiary objection mentioned by MTAA on appeal concerns Cessna's communications with the federal government after the fire. The record reflects that Cessna presented evidence of its efforts to market the planes to the federal government. Cessna further presented evidence of the amount the federal government was willing to pay to use the planes in a drug interdiction program. The challenged evidence was offered to show that the federal government was truly an interested customer, because MTAA took the position that the government was not going to proceed with the deal. The only objection to the evidence at trial was relevance, and reasonable people could agree with the trial court that the challenged evidence had some probative value. We also note that MTAA's objection to admitting the letter from the federal government was sustained.

MTAA has failed to show that the district court committed any reversible error in its evidentiary rulings.

## VENUE

MTAA argues that the district court erred in denying its motion to transfer venue to Shawnee County. The allowance or refusal of an application for change of venue rests within the sound discretion of the trial court. *Fredricks v. Foltz*, 221 Kan. 28, 33, 557 P.2d 1252 (1976).

The record reflects that suit was filed in Osage County, and one defendant, Kelvin Lynn, was a resident of Osage County. K.S.A. 60-603 provides that an action against a resident may be brought in the county where the defendant resides. K.S.A. 60-608 provides that in cases with multiple defendants, the plaintiff may elect venue based on any one of the defendants against whom a substantial claim exists. MTAA argued in the district court that Lynn was no

longer a party. The district court rejected that argument, and MTAA has not challenged that determination on appeal.

MTAA does argue that as a governmental entity it can only be sued in its home county, *i.e.*, Shawnee County. This argument ignores 60-608 regarding cases with multiple defendants, and K.S.A. 27-320(b) and K.S.A. 27-331(b), which make clear that an airport authority may sue and be sued in any court of competent jurisdiction.

MTAA argues that any action against it is inherently a local action, which must be brought in Shawnee County. To support this argument, MTAA relies on the definition of "municipality" from K.S.A. 75-6102(b) of the tort claims act, and *Trader v. Southwestern Bell Telephone Co.*, 145 Kan. 690, 694, 66 P.2d 414 (1937). *Trader* relied on a statute regarding service of process, since no express provision of the venue statutes applied. Moreover, no statutory provisions such as 27-320(b) and 27-331(b) were involved in *Trader*. MTAA makes no argument that an action against a municipality falls within the statutory provision for local actions contained in 60-602.

MTAA does argue that an action against a public official for neglect of his official duties must be brought in the county in which the cause arose. K.S.A. 60-602(3). MTAA reasons that this venue provision applies because this action alleges negligence by MTAA officers and employees. MTAA has cited no case which applies 60-602 to a cause of action for damages arising out of the negligence of a governmental official. But see *Huerter v. Hassig*, 175 Kan. 781, 267 P.2d 532 (1954) (statutory predecessor to K.S.A. 60-602 applied in mandamus action). In addition, MTAA's attempt to rely on 60-602 ignores the fact that venue is proper under 60-608. See *State, ex rel., v. Miami County Comm'rs*, 168 Kan. 723, 729-30, 215 P. 2d 631 (1950); *State, ex rel., v. Miley*, 120 Kan. 321, 326, 243 Pac. 262 (1926).

The district court did not err in denying MTAA's motion for change of venue.

## RESTRICTIONS ON CROSS-EXAMINATION

MTAA argues that the district court erred in excluding evidence regarding insurance payments made to Sun Life. As previously dis-

cussed, the standard of review concerning the admission or exclusion of evidence is abuse of discretion.

Sun Life lost three planes in the fire. These planes were leased to Cessna. Sandra Hayes, assistant vice president for a Sun Life subsidiary, testified that Sun Life lost payments anticipated under the lease through January 1997, after the planes were destroyed. In recross-examination, MTAA attempted to ask Hayes about insurance proceeds received by Sun Life for the destroyed planes. The district court ruled that evidence of insurance payments to Sun Life was irrelevant.

MTAA contends that when one party introduces an inadmissible fact, the door is opened for another party to introduce a similar inadmissible fact to remove any unfair prejudice. One problem with this contention is that MTAA did not object when Hayes testified about the lease payments and still does not offer an explanation for its assumption that this testimony was inadmissible. Another problem with this argument is that MTAA totally ignores the fact that Kansas recognizes the collateral source rule. Thus, benefits received by a plaintiff from a source independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer. *Gregory v. Carey*, 246 Kan. 504, 508, 791 P.2d 1329 (1990).

The district court did not err in restricting MTAA's questions about Sun Life's insurance proceeds.

## CUMULATIVE ERROR

MTAA next argues that cumulative trial error requires reversal of the jury's verdict. Cumulative error warrants reversal when the various errors "have so permeated and tainted the entire proceedings that [a party] has been deprived of the fair trial to which every litigant is entitled." *Walker v. Holiday Lanes*, 196 Kan. 513, 520, 413 P.2d 63 (1966).

For there to be cumulative error, there must first be individual errors. We have carefully considered each of MTAA's claims of error and found them to be without merit.

MTAA asserts that the jury's apportionment of fault is inequitable. MTAA believes less fault should have been apportioned to

it and more fault to the roofers. This contention provides no basis for setting aside the verdict. Apportionment of fault is a jury function. It is not the function of this court to reweigh the facts or to substitute our judgment for that of the jury.

This case was thoroughly tried by able counsel on all sides. The trial itself took 8 days. Over 30 witnesses testified, either live or by deposition. Well over 100 exhibits were introduced into evidence. The record of this case fills six boxes. MTAA has failed to present anything which would warrant the conclusion that error permeated the proceedings or that it was deprived of a fair trial.

## ASSESSMENT OF DEPOSITION COSTS

MTAA's final argument on appeal is that the district court erred in assessing deposition costs against it.

During discovery the district court ordered the parties to have all designated experts present at trial. MTAA designated nine experts but only two were present at trial. After trial, plaintiffs filed a motion for deposition costs for the seven MTAA experts who were not present at trial. Plaintiffs requested $25,317.62. The district court ordered MTAA to pay $13,081.12 of plaintiffs' costs associated with deposing five of the designated experts who were not present at trial. The record of the hearing on plaintiffs' motion for costs is not included in the record on appeal.

MTAA argues that these costs are not allowable costs under K.S.A. 60-2003, and thus the district court erred in assessing them against MTAA.

The allowance of costs rests within the sound discretion of the trial court. *Brown v. Lang*, 234 Kan. 610, 617, 675 P.2d 842 (1984).

K.S.A. 60-2002 provides that costs shall be allowed to the party in whose favor judgment is rendered. K.S.A. 60-2003 sets forth the items which may be included as costs, including certain expenses incurred for depositions used as evidence. K.S.A. 60-2003(4) and (5). The costs claimed by plaintiffs in this case were not incurred in connection with depositions which were used as evidence.

The Supreme Court has examined the question of assessing costs for discovery depositions.

"Costs of preparation for trial are not ordinarily recoverable as costs. Discovery depositions by their very nature fall within the realm of trial preparation. We think the distinction implicit in 60-2003 evinces policy which is reasonable and fair. We therefore hold that charges for discovery depositions, not used as evidence, are ordinarily not taxable as costs. Generally speaking, a trial court is vested with a large measure of discretion in the administration of our discovery procedures, and we do not mean to say extraordinary circumstances might not exist wherein a trial judge would be justified, in the exercise of sound discretion, in allowing or apportioning the charges of discovery depositions. The burden of proving any such rare exception would, of course, rest upon the party claiming the costs." *Wood v. Gautier*, 201 Kan. 74, 79, 439 P.2d 73 (1968).

See *Bridges v. Bentley*, 244 Kan. 434, 446, 769 P.2d 635 (1989).

In this case, the district court determined that control of the discovery process necessitated a rather unusual order: all experts designated were to be present for trial. No appeal has been taken from that order. In the face of that order, MTAA designated seven experts who did not appear at trial. Thus, plaintiffs were put to the expense of deposing experts that MTAA designated but did not present at trial. Under these facts, extraordinary circumstances justified the district court in assessing deposition costs against MTAA. A reasonable person could agree with the district court's determination that costs should be assessed in order to enforce its discovery order.

In light of this conclusion, we need not address plaintiffs' alternative argument that the district court's order assessing costs fell within the scope of K.S.A. 60-216.

Affirmed.